## FISHER v. KELSEY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
EASTERN DISTRICT OF MISSOURI.

Argued March 30, 1887. — Decided April 11, 1887.

The particular responsibility imposed, at common law, upon innkeepers
does not extend to goods lost or stolen from a room in a public inn
furnished to a person for purposes distinct from his accommodation as
a guest.

A statute of Missouri provides that no innkeeper in that state "shall be
liable . . . for the loss of any merchandise for sale or sample be-
longing to a guest, unless the guest shall have given written notice of
having such merchandise for sale or sample in his possession after en-
tering the inn, nor shall the innkeeper be compelled to receive such
guest with merchandise for sale or sample." *Held*, That actual knowl-
edge that a guest has in his possession merchandise for sale, or the con-
sent of the innkeeper to the guest's use of one of his rooms for such a
purpose, does not fix upon the innkeeper full responsibility for the
safety of such merchandise : such responsibility arises only upon writ-
ten notice being given as required by the statute.

THIS was an action at law. Judgment for defendants.
Plaintiffs sued out this writ of error. The case is stated in
the opinion of the court.

*Mr. Chester H. Krum* for plaintiffs in error submitted on
his brief.

*Mr. John W. Noble* for defendants in error. *Mr. W. Hal-
lett Phillips* and *Mr. H. Orrick* were with him on the brief.

MR. JUSTICE HARLAN delivered the opinion of the court.

By the general statutes of Missouri of 1865, c. 99, it was pro-
vided that —

§ 1. "No innkeeper in this state, who shall constantly have
in his inn an iron safe, in good order, and suitable for the safe
custody of money, jewelry, and articles of gold and silver
manufacture, and of the like, and who shall keep a copy of

this chapter printed by itself, in large, plain English type, and framed, constantly and conspicuously suspended in the office, bar-room, saloon, reading, sitting, and parlor room of his inn, and also a copy printed by itself in ordinary size plain English type posted upon the inside of the entrance door of every public sleeping-room of his inn, shall be liable for the loss of any such articles aforesaid suffered by any guest, unless such guest shall have first offered to deliver such property lost by him to such innkeeper for custody in such iron safe, and such innkeeper shall have refused or omitted to take it and deposit it in such safe for its custody, and to give such guest a receipt therefor.

§ 2. "No innkeeper in this state shall be liable for the loss of any baggage or other property of a guest caused by fire not intentionally produced by the innkeeper or his servants; but innkeepers shall be liable for the losses of their guests caused by the theft or negligence of the innkeeper, or of his servants, anything herein to the contrary notwithstanding."

The last section was amended by an act approved April 1, 1872, so as to read: "No innkeeper in this state shall be liable for the loss of any baggage or other property of a guest caused by fire not intentionally produced by the innkeeper or his servants; nor shall he be liable for the loss of any merchandise for sale or sample belonging to a guest, unless the guest shall have given written notice of having such merchandise for sale or sample in his possession after entering the inn, nor shall the innkeeper be compelled to receive such guest with merchandise for sale or sample. But innkeepers shall be liable for the losses of their guests caused by the theft of such innkeeper, or his servants, anything herein to the contrary notwithstanding."

William M. Fisher, having in his possession, as a travelling salesman for the firm of which he was a member, certain goods, consisting mainly of gold chains, chain trimmings, and necklaces, was received, with his goods, into the Planters' House, in St. Louis — a public inn kept by the defendants in error — and was supplied, at his own request, with a room in which such articles could be exhibited to customers. During

his occupancy of the room for that purpose, $12,626.32 in value of the articles were, without his knowledge, taken and carried away, so that they could not be recovered. It does not appear that the loss was attributable to the neglect either of Fisher or of the innkeepers. Although the nature of his business was well known to the defendants, and they were aware that the articles in question were brought into the hotel to be exhibited for sale, in a room to be occupied for that purpose, written notice was not served upon them that Fisher had "such merchandise for sale or sample in his possession after entering the inn." In this action, brought to recover the value of the goods stolen or lost, the court held that such a notice was required, by the statutes of Missouri, in order to fix liability upon the innkeeper. The jury having been so instructed, there was a verdict and judgment for the defendants.

Although Fisher was received by the defendants into their hotel, as a guest, with knowledge that his trunks contained articles having no connection with his comfort or convenience as a mere traveller or wayfarer, but which, at his request, were to be placed on exhibition or for sale, in a room assigned to him for that purpose, they would not, under the doctrines of the common law, be held to the same degree of care and responsibility, in respect to the safety of such articles, as is required in reference to baggage or other personal property carried by travellers. He was entitled, as a traveller, to a room for lodging, but he could not, of right, demand to be supplied with apartments in which to conduct his business as a salesman or merchant. The defendants being the owners or managers of the hotel, were at liberty to permit the use by Fisher of one of their rooms for such business purposes, but they would not, for that reason and without other circumstances, be held to have had his goods in their custody, or to have undertaken to well and safely keep them as constituting part of the property which he had with him in his capacity as guest. Kent says that, "if a guest applies for a room in an inn, for a purpose of business distinct from his accommodation as a guest, the particular responsibility does not extend

to goods lost or stolen from that room." 2 Kent Com. 596. See also *Myers* v. *Cottrill*, 5 Bissell, 465, 470, Drummond, J.; Story on Bailments, § 476; *Burgess* v. *Clements*, 4 M. & S. 306; Redfield on Carriers and Bailees, 443; Addison Law of Contracts, 6th ed. 360.

Such, we think, was the state of the law in Missouri prior to the passage of the act of 1872. That act prescribes the conditions upon which an innkeeper in that state may be made liable for the loss of merchandise belonging to a guest, and brought into the hotel only to be exhibited or sold. In view of the large and constantly increasing business transacted by travelling salesmen, the legislature of Missouri deemed it just to all concerned, that their relations with innkeepers, in respect to goods carried by them, should be clearly defined and not left to depend upon mere inference or usage. The statute makes the innkeeper responsible, in every event, for the loss of baggage or other property of the guest by fire, intentionally produced by the innkeeper or his servants, or by the theft of himself or servants. But since the innkeeper is not ordinarily bound to the same care for the safety of goods, in the possession of a guest for the purpose merely of being exhibited or sold, as for articles carried by the latter for his comfort or convenience as a traveller, the statute changed the rule so as to make his responsibility the same in both cases; provided, in the former case, the person received as a guest gives written notice that he has merchandise for sale or sample in his possession in the hotel; leaving the innkeeper, upon such notice, to elect whether he will permit the guest to remain in the hotel with such merchandise for sale or sample. Notice in this form, when the guest is permitted to remain in the hotel with merchandise in his possession "for sale or sample," is made by the statute evidence that the innkeeper has assumed responsibility for the safety of such merchandise, to the full extent that he is bound by the settled principles of law for the safety of the baggage or other articles brought by guests into the hotel.

It is suggested that the purpose of the act of 1872 was to protect innkeepers, and, therefore, actual knowledge that a

guest has in his possession merchandise for sale, or, at least, the consent of the innkeeper to the guest's use of a room in his hotel for such purpose, should be deemed sufficient to fasten upon the innkeeper responsibility for the safety of such merchandise. It seems to us that the statute is equally for the benefit of travelling salesmen. Be this as it may, as the law in regard to the liability of an innkeeper is one of extreme rigor, he should not be held to any responsibility beyond that arising from the relation of innkeeper and guest, unless, at least, the circumstances show that he distinctly agreed to assume such additional responsibility. There is no pretence in this case that the defendants made an express agreement of that character. Nor can such an agreement be implied merely from the knowledge on the part of the innkeeper that a guest has in his possession in the hotel, for exhibition or sale, merchandise for the safe custody of which he is not ordinarily responsible. Such knowledge implies nothing more upon the part of the innkeeper than his assent to the use of his rooms for purposes of that kind.

If as to such merchandise, it is intended to hold the innkeeper to the strict liability imposed, at the common law, in respect to the baggage or other personal property of a guest, the statute indicates the mode in which that intention must be manifested. The guest must give notice of such intention. And as the notice is expressly required to be in writing, no other form of notice can be deemed a compliance with the statute. *Porter* v. *Gilkey*, 57 Missouri, 235, 237. With the reasons which induced the legislature to prescribe a written notice in order to fix upon the innkeeper responsibility for the safety of merchandise carried by travelling salesmen for sale or sample, we have nothing to do. The law of Missouri is so written, and it is our duty to give it effect according to the fair meaning of the words employed.

It results that the court below did not err in refusing the instruction asked by the plaintiffs, but correctly held that the absence of the written notice required by the act of 1872 was fatal to their right to recover. The judgment is

*Affirmed.*