ROGER WURMSER, INC., APPELLANT, V. INTERSTATE HOTEL COMPANY OF NEBRASKA, APPELLEE.

28 N. W. 2d 405

Filed July 11, 1947.   No. 32247.

*Fraser, Connolly, Crofoot & Wenstrand, William H. Wright* and *J. V. Benesch,* for appellant.

*Leon, White & Lipp,* for appellee.

Heard before SIMMONS, C. J., PAINE, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ., and TEWELL, District Judge.

WENKE, J.

Roger Wurmser, Inc., a New York corporation engaged in the wholesale jewelry business with its principal place of business located in New York City, brought this action in the district court for Douglas County against the Interstate Hotel Company of Nebraska, a Nebraska corporation engaged in operating the Fontenelle Hotel in Omaha.

The nature of this action is one at law to recover damages for the loss of plaintiff's sample case and its

contents of precious stones of an alleged value of $187,755.04 due to the negligence of the defendant and its employees in caring therefor.

From an order sustaining defendant's demurrer and dismissing its action the plaintiff appeals.

For convenience the parties will be referred to as they appeared in the lower court.

The allegations of plaintiff's third amended petition, to which the trial court sustained the demurrer, insofar as they are necessary to a complete understanding of the questions herein involved are as follows:

"3. That at about 9:45 A. M., on October 16, 1942, one Samuel Kutner, a salesman and employee of the plaintiff herein, registered as a guest at the aforesaid Fontenelle Hotel and was assigned to room No. 806. That his personal baggage, consisting of handbags and a dark brown saddle-leather sample case about 24 inches long, 16 inches high, and 8 inches wide, marked with the initials 'R. W.', containing valuable jewelry and precious stones, which were the property of the plaintiff herein, were at said time brought to the room so assigned to him. That the said Samuel Kutner was ushered to his room by a bell-boy employed by the defendant, who carried the baggage and sample case of such guest at said time. * * *

"That soon thereafter, on the same day, October 16, 1942, the said Samuel Kutner left said hotel carrying such sample case with its valuable contents and called upon several customers and prospective customers. That he then returned to such hotel at about 2:00 P. M., and at his request the defendant placed such sample case with its contents in the hotel vault, which vault was located a short distance north and to the rear of the main registration desk of such hotel.

"That at about 2:35 P. M. the said Samuel Kutner asked defendant's clerk at the main registration desk for his sample case; that such clerk thereupon asked him to describe such case, which he did by telling

such clerk its approximate size, color and general appearance; that such clerk then directed the aforesaid Samuel Kutner to go to the left and to the rear and finally to the door of defendant's aforesaid vault, and at such place defendant's clerk handed out to him the said sample case.

"That plaintiff's salesman then, on the same day, October 16, 1942, called upon other customers and prospective customers and later returned to the Fontenelle Hotel and shortly after 5:00 P. M. again placed such sample case with its contents into defendant's possession for safekeeping in its aforesaid vault. That at said time he delivered such sample case to the clerk in charge of defendant's main registration desk, who thereupon took same to the rear and placed it in the aforesaid vault.

"That the defendant issued no claim or identification check for such sample case to plaintiff's salesman on either occasion.

"4. That on the next morning, October 17, 1942, at about 8:40 A. M., the said Samuel Kutner, while still a guest at said hotel, secured his sample case from the defendant. That at said time, at the direction of defendant's clerk in charge of its main registration desk, he again went to the rear and to the entrance of the aforesaid vault, and he there pointed out his sample case to defendant's aforesaid clerk and received it from him. That plaintiff's employee again called upon customers and prospective customers until close to the noon hour, when he returned to defendant's hotel. That at said time, being at about 11:30 A. M., he again placed such sample case into defendant's possession for safe-keeping in the aforesaid vault. That at said time he was directed by defendant's clerk in charge of its main registration desk to again go to the rear and to place his sample case in defendant's aforesaid vault. That he did as directed and placed his sample case in the aforesaid vault to his left as he faced forward on passing through such vault doorway, and between the left wall of said vault and another bag, which bag appeared similar to a metal tool-

carrying case. That he placed said sample case there at the direction of and in the presence of the defendant's aforesaid clerk. That no claim or identification check was issued or given him on such occasion by the defendant hotel company.

"That later on the same day, about 3:30 P. M., the said Samuel Kutner requested defendant's clerk in charge of its main registration desk, * * *, to return his sample case to him. That such sample case was then missing and the defendant has been unable to return same or its valuable contents to the aforesaid Samuel Kutner or to his employer, the plaintiff herein. * * *

"6. Plaintiff further alleges that the defendant was negligent and careless in the following particulars: (a) That it failed to provide a proper and safe place for the keeping of the property entrusted to it by its guests, in that the door of its aforesaid vault was left open; no checking system was used for incoming bags; bags deposited therein were easily accessible to persons in the hotel desiring to secure same; and bags were released from such vault by defendant's employees to persons claiming same, without requiring any identifying check or other proof of ownership. (b) That it failed to fully protect property placed in its vault from loss, in that it permitted same to remain in said vault, although the entrance to same was easily accessible to persons in the hotel. (c) That it failed to guard property in its vault from being stolen by thieves. (d) That it permitted guests and other persons to enter its vault to take property on their identification of same, in that on the several occasions when the said Samuel Kutner desired possession of his sample case, the defendant requested and required him to go to the rear and to the door of the aforesaid vault to identify and take possession of the aforesaid sample case. That the negligence and carelessness of the defendant, as aforesaid, was the proximate

cause of the disappearance and loss of the aforesaid sample case with its valuable contents.

"7. That the aforesaid sample case contained valuable precious stones, including emeralds, rubies, sapphires, star sapphires, star rubies and diamonds; that plaintiff's actual and true damage in the loss of such property amounted to $187,755.04, the reasonable wholesale market value of such merchandise, * * *. That by reason of its negligence, the defendant has become liable to the plaintiff for the aforesaid amount."

Plaintiff, in his brief, states the issues to be decided as follows: "(1) Did the defendant hotel comply with the provisions of 41-122, Rev. Stat. 1943, so as to have the benefit of the statutory limitation on its common law duty as an innkeeper? (2) Was the defendant hotel guilty of negligence in the handling of the sample case? (3) Was the plaintiff, through its agent, Mr. Kutner, guilty of contributory negligence of a degree sufficient to defeat a recovery under the Comparative Negligence statute? (25-1151, Rev. Stat., 1943.)" .

With reference to the first question we have said: "Where hotel company claims the benefit of a statute altering its common-law liability, the burden is on it to show compliance with the provisions of such statute on its part." Leon v. Kitchen Bros. Hotel Co., 134 Neb. 137, 277 N. W. 823. See, also, Shiman Bros. & Co. v. Nebraska Nat. Hotel Co., 143 Neb. 404, 9 N. W. 2d 807.

There is nothing in plaintiff's petition that shows defendant complied with the statute and in the absence thereof we cannot assume such compliance. While compliance may have been made, that can only be determined when it has been pleaded and proved.

However, there is another reason why this question is not controlling. Here the action is based on negligence. As stated in Shiman Bros. & Co. v. Nebraska Nat. Hotel Co., *supra*: "A statute regulating or limiting the liability of an innkeeper applies only to his common-law liability as an insurer and has no application where

the cause of action of the guest is based solely on the negligence of the innkeeper in caring for property entrusted to him."

Assuming, but not deciding, that the second question should be answered in the affirmative we will next look to the third question here presented.

From the pleadings it is evident that plaintiff's salesman and employee, Samuel Kutner, at no time, while dealing with the employees of the defendant, informed them of the nature of the contents of his dark brown saddle-leather sample case, being a case about 24 inches long, 16 inches high, and 8 inches wide, marked with the initials "R.W.," nor of the value thereof, same allegedly consisting of precious stones of the reasonable wholesale market value of $187,755.04. It is admitted by plaintiff in both its original and reply brief that he did not do so.

A case comparable in fact is that of Shiman Bros. & Co. v. Nebraska Nat. Hotel Co., 146 Neb. 47, 18 N. W. 2d 551, except therein the salesman contended he informed the porter of the hotel of the nature of the contents of the wardrobe trunk. Therein we said:

"The evidence, in the instant case, of contributory negligence on the part of the plaintiff's salesman which is controverted, was his failure to inform or notify the defendant, its employees or agents, that the ordinary wardrobe trunk which he used in his business contained a valuable collection of jewelry of the extraordinary value of $45,000.

"Whether or not a bailor has exercised ordinary care is usually a question for the jury. However, in the instant case contributory negligence constitutes the only affirmative defense, and the only evidence of contributory negligence is the failure of plaintiff's agent to disclose the extraordinary value of the property bailed. This question was submitted to the jury which found, if it was decided on the question of contributory negligence, that such information was not disclosed. The

jury having so found, the plaintiff is barred from recovery as a matter of law, because of its own contributory negligence which obviously is more than slight negligence."

Following our previous holding we can come to no other conclusion than that the plaintiff is barred from recovery as a matter of law because of its own contributory negligence in the failure of Kutner to inform the defendant's employees that his sample case contained precious stones of the value of $187,755.04 which failure is obviously more than slight negligence.

For the reasons stated we find the judgment of the lower court to be correct and the same is therefore affirmed.

AFFIRMED.