ROSALIE K. HOFFMAN *vs.* LOUIS D. MILLER & CO., INC.

JULY 15, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. This is an action of trespass on the case for negligence to recover $1,800, that sum being the value of a diamond ring which the plaintiff deposited with the defendant for safekeeping while she was a guest at its hotel. At the conclusion of the evidence in the superior court the trial justice directed a verdict for the plaintiff but only in the sum of $500, on the ground that general laws 1938, chapter 480, §1, as amended by public laws 1939, chap. 709,

limited recovery to such amount. The case is here on the plaintiff's bill of exceptions containing an exception to that ruling and other exceptions taken to rulings during the trial. However, such other exceptions have not been briefed or argued and, therefore, are deemed to be waived.

The only question raised for our determination by plaintiff's exception is the applicability of the limitation in chap. 480, as amended, to the facts of this case as pleaded and proved. The plaintiff in her declaration alleged that defendant was negligent in the manner in which it undertook to safeguard her ring and that as a result of such negligence the ring was lost. The defendant pleaded the general issue. Later it was permitted to file a special plea setting up the limitation in the statute as a defense to full recovery. The plaintiff filed a replication to such plea to which defendant demurred. Its demurrer was overruled and no further pleas were filed. Thereafter the case was pre-tried and as a result the following pre-trial order was duly entered: "The issue is the due care of the plaintiff and the negligence of the defendant and the effect of the statute on the case."

Under that order plaintiff had the duty of proving, as in the usual action of negligence, that defendant was guilty of negligence; that such negligence was the proximate cause of the loss of her ring; and that she was free from any negligence which contributed to such loss. In commencing her action by a writ of trespass on the case for negligence and framing her declaration as she did, she elected not to rely on defendant's obligation to her as an *insurer* of her property while a guest at its hotel. On the contrary she undertook the more onerous burden of proving defendant guilty of actionable negligence. This burden, we must assume here, she completely discharged as the recorded verdict is: "The jury find By Direction of the Court that the defendant is Guilty in manner and form as the Plaintiff has in her declaration thereof, complained against it * * *."

It appears from the evidence that the negligence of de-

fendant which was the proximate cause of the loss of the ring arose from the manner in which defendant maintained safety deposit boxes for the safekeeping of the valuables of its guests. For this purpose defendant provided in its office a safe with separate compartments in each of which was a removable metal box. Each of such compartments was fitted with a metal door containing a lock which could only be opened by the use of two keys. One was a so-called master key which fitted all compartments; the other was a numbered key which fitted only the compartment that bore the same number. However, it appeared that defendant had two such keys for each box and kept them in a separate compartment in the safe in an envelope bearing the same number. The key to that compartment was kept by the head desk clerk.

When plaintiff asked for a box she was given No. 230. She placed her diamond ring and watch in the box and handed it to the clerk who put it in the safe, locked the compartment with the individual key therefor and returned it to plaintiff. Sometime later while she still had the key to box 230 another guest was issued the duplicate key to the same box. This mistake was discovered when plaintiff went to her box and found $150 in bills which did not belong to her and also that her diamond ring was missing. It developed that the money belonged to the other guest who had put it in the box without noticing, as he testified, that there was anything else therein. The head desk clerk, who had charge of the compartment where the numbered envelopes containing the individual keys were kept, did not testify.

On such facts and under the pleadings as above set forth, is the statutory limitation in G. L. 1938, chap. 480, §1, as amended, applicable to this case? That section reads as follows:

> "Section 1. If any hotel-keeper or innkeeper shall provide a suitable safe in his hotel or inn or other convenient place for the safe-keeping of any money, jewels,

jewelry, watches, ornaments, railroad mileage books and tickets, bank notes, bonds, negotiable securities and precious stones, belonging to the guests of such hotel or inn, and shall notify such guests thereof by posting the fact that such safe is provided, in which such property may be deposited, in a public and conspicuous place and manner, and if such guests shall neglect or fail to deliver such property to the person in charge of the office of such hotel or inn for deposit in such safe, such hotel-keeper or innkeeper shall not be liable for any loss of such property sustained by such guests by theft or otherwise; but no hotel-keeper or innkeeper shall be obliged to receive property on deposit for safe-keeping exceeding five hundred dollars ($500.) in value; and if such guests shall deliver such property, to the person in charge of such office for deposit in such safe, such hotel-keeper or innkeeper shall not be liable for any loss thereof sustained by such guests by theft or otherwise in any sum exceeding the sum of five hundred dollars ($500.) unless by special agreement in writing with such hotel-keeper or innkeeper."

Although this statute in one form or another has been on the statute books of this state since 1857 it has never been construed. Similar statutes in other states have been variously construed. "Under one view it appears that the limitation is only as to the innkeeper's responsibility as an insurer, and that he still remains liable for negligence; under the other, it would appear that the limitation is absolute and that he is not liable for his own negligence, or that of his servants, although his liability still remains if the loss occurs through fraud or wrongful act which is to his benefit." 9 A.L.R. 2d 818, Note, p. 821.

The instant case is, therefore, one of first impression in this state. In the absence of binding precedent here, we are at least at liberty to give our statute a construction that will make the least possible alteration in the common-law obligation of an innkeeper and the corresponding right of the guest. This is in accord with the rule that it will be presumed the legislature intended to make only such alteration in the

common law as the language of the statute naturally and necessarily indicates. *Bloomfield* v. *Brown,* 67 R. I. 452, 458. At common law the innkeeper was the insurer of the property which a guest brought to his inn. Except for an act of God or the guest's own negligence, which the innkeeper had the burden of proving as a defense, the loss of such property was his absolute liability. It was this onerous obligation which legislatures in many of our states in the middle of the last century first sought to ameliorate.

In 1857 the legislature of this state enacted our first statute but it was not until 1939 that it assumed its present form as the result of successive amendments. In its original form and as it now stands it is clearly in derogation of the common law and therefore must be construed strictly. We should not give it any greater extension than is necessary to correct and remove the hardship which it was thought the common law unduly placed upon the innkeeper in the light of changed conditions affecting his calling.

Such hardship was that of being responsible as an *insurer* of his guest's property, even though it might consist of articles of great value which could easily be lost and of which the innkeeper had no knowledge. To soften such hardship the statute at first provided that, at least as far as certain enumerated articles were concerned, the innkeeper would not be responsible if he provided a place of safekeeping therefor and gave the guest proper notice thereof and the guest did not avail himself of such place. Later the statute provided that even where the guest did so avail himself the innkeeper's liability was limited to a definite sum regardless of the value of the articles deposited. And it was also provided that he should not be required to accept for deposit articles in excess of a certain value except by special agreement in writing.

In enacting those provisions into the law we think it is clear that the legislature was seeking to limit the innkeeper's liability only as an insurer and not generally as to the care

and diligence it ordinarily owed the guest for the protection of his property while it was within the innkeeper's house. Thus if the guest sought to hold him liable as an insurer for any property so deposited for safekeeping he was put on notice that in the absence of a special agreement the innkeeper was such an insurer only to the amount of $500 as provided in the statute. However, if the circumstances of the guest's loss were such that he did not rely for his right of recovery against the innkeeper as an *insurer* but solely on the general principles of the law of negligence then the statute had no application. In such a case the onus of proof instead of being on the innkeeper to excuse the loss would be upon the guest to prove that the innkeeper was negligent; that such negligence was the proximate cause of the loss; and that he, himself, exercised due care for the protection of his property.

When viewed in that light the statute cannot, in our opinion, be reasonably construed as intending to limit the innkeeper's liability for negligence to $500. Such a construction would be not only extremely liberal in favor of the innkeeper but highly unreasonable. If the legislature intended to effect such a radical change in the status of an innkeeper it has not used language which clearly expresses such an intention. The fact that it once had included the words "unless such loss is due to the fault or negligence of such hotel-keeper or innkeeper" in the statute and thereafter omitted them in the amendment of 1939 does not tend to show such an intention. In our opinion with or without such words the statute must be confined to the one object which the legislature was seeking to accomplish, namely, to limit by special conditions and to a specific pecuniary amount the liability which the innkeeper should be forced to bear as an *insurer* of his guest's property.

After carefully examining the cases from other jurisdictions which have been cited to us and others which have come to our attention, we think our view of G. L. 1938,

chap. 480, §1, as amended, is not without support in some of the states where there are similar statutes. See 9 A.L.R. 2d 818, Note, where a number of such cases are collated. In any event the facts in the case at bar, in our opinion, illustrate rather cogently why a construction of our statute that would render the limitation of an innkeeper's liability absolute would be a liberal construction in his favor. It would deprive a guest of his right to elect to sue him for negligence rather than as an insurer. And for negligence, however gross and palpable, the innkeeper would be absolutely absolved from any liability beyond $500. Upon consideration we are convinced that no such absolute freedom from liability for actionable negligence was intended by the legislature.

The plaintiff's exception is sustained, and the case is remitted to the superior court with direction to enter judgment on the verdict as directed for $1,800 instead of $500.

### ON MOTION FOR REARGUMENT.

#### AUGUST 1, 1955.

PER CURIAM. After our decision in the above case the defendant asked and received permission to file a motion for reargument. Pursuant to this permission it has filed such a motion, setting out therein certain reasons on which it bases its contention that justice requires a reargument of the case. We have carefully considered those reasons and we are of the opinion that they are without merit.

Motion denied.

*Fergus J. McOsker,* for plaintiff.

*James D. Thornton, Jr., M. Walter Flynn,* for defendant.