Morris W. Schiffman *et al. d.b.a.* M. W. Schiffman & Co.

*vs.* Narragansett Hotel Inc.

AUGUST 2, 1957.

Present: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

PAOLINO, J. This is an action of the case for negligence
to recover damages for the loss of a bag and the contents
thereof which the plaintiffs' agent deposited with the de-
fendant for safekeeping while he was a guest at its hotel.
The case was heard before a justice of the superior court
sitting without a jury. At the conclusion thereof after find-
ing that the defendant was negligent, that such negligence
was a factor involving the loss of the bag and one of the
causes of damage, and that the plaintiff Klein was not
guilty of contributory negligence, the trial justice rendered
a decision for the plaintiffs for $100 as nominal damages,
stating that he was unable to determine upon the evidence
before him what the actual damage was. The case is here
on the exceptions of the plaintiffs and the defendant to
such decision and to other rulings during the trial.

The following facts are undisputed. Harold Klein was
employed by plaintiffs as a jewelry salesman. While on
business trips to Providence he had been a guest at the
Narragansett Hotel several times a year for four or five
years prior to November 6, 1950. On that day he again en-
gaged a room at defendant's hotel. He had with him his
personal bag and also another bag which he testified was
his sample jewelry bag in which he carried a quantity of
diamond rings. Upon checking into the hotel he turned the

sample bag over to a bellboy and was given a claim check for same. The personal bag was taken to his room and is not involved in this action. Klein admits that he did not by express language reveal to any of defendant's employees the contents of the bag nor the value thereof. The following morning when he called for his bag it could not be found.

However, the testimony relating to what actually took place when the bag was checked is conflicting. The salesman testified that his request to the bellboy to place the bag in the vault for safekeeping was an indication to defendant's employees that the bag contained valuables. He also testified that a bellboy took the bag from him and handed it to the room clerk, who was behind a counter, and that the room clerk then took it and disappeared into another room. The salesman further stated that he could not actually see where the clerk put it.

The defendant's witness Arthur F. Lapre admitted the salesman had asked that the bag be put in the vault. However, he testified that after Klein was told that the vault was not equipped to accommodate baggage or bags, the salesman asked that the bag be checked in the office. Lapre also testified that he took the bag and, within view of the salesman, placed it right by the door in the back office and that the salesman said leaving the bag there was all right with him. The clerk also stated that the door to this office was always kept locked and that only the officers and assistant managers had keys to it. He further testified that he did not say anything about the bag to the clerk who relieved him that night.

After describing how he kept his records relating to the contents of the bag, the salesman testified that he was unable to tell how may diamond rings or unset diamonds were in the bag at the time he checked it with defendant. He could only guess at the amount, since he had no record thereof because his record book was also in the sample bag. However, he stated that such information could perhaps be

better obtained from plaintiffs because they had the actual record of what was in the bag. The testimony shows that plaintiffs kept in their office a book in which they claimed that records pertaining to the contents of the bag were kept in the usual course of business.

Sidney Schiffman, one of the plaintiffs, was then called as a witness. He testified in substance how plaintiffs kept their records pertaining to the contents of the bag. He stated that a book was kept by plaintiffs in which all items placed in the sample bag when the salesman started on a trip were recorded. He further stated that this record book was kept up to date by entries made by them from copies of invoices sent to them by their salesman daily or weekly covering items which he had sold. However, the witness stated that this book was lost or destroyed by plaintiffs and that they had not been able to locate it after a search.

Over the objection of defendant's counsel, plaintiffs' exhibit 2 was introduced as evidence. This was a listing of merchandise which, according to the witness, was in Mr. Klein's bag at the time it was missing. This list which was dated November 7, 1950 was made up by one of plaintiffs' employees under the witness' supervision and was a carbon copy of an original list. This original was also missing as were the invoices covering sales made by Mr. Klein. Mr. Schiffman, however, testified that he did not know of his own knowledge what was in the bag when Mr. Klein checked it at the hotel and that the list only sets forth what should have been in the bag.

He further testified that the values stated on the list represented not the market values as of November 7, 1950, but rather the cost or the market values as of August 19, 1950 or the actual cost for rings which were made subsequent to that date, since the jewelry which was sold was being continually replaced in Mr. Klein's bag. In substance his testimony was that plaintiffs' exhibit 2 was a carbon copy

of a listing which had been copied from plaintiffs' missing book sometime previous and that it showed a total value of $62,681.85 as described above. The trial justice admitted the list as an exhibit but stated that he would determine what weight it should have as evidence under the circumstances as disclosed by the testimony.

The exceptions which were taken by both parties to the decision of the trial justice were briefed and argued by them. The defendant also briefed and argued the exception taken to the ruling of the trial justice admitting plaintiffs' exhibit 2 in evidence. The other exceptions by both plaintiffs and defendant, having been neither briefed nor argued, are deemed to be waived.

We shall first consider defendant's exception to the admission of plaintiffs' exhibit 2. The plaintiffs in substance contend that the trial justice did not err in admitting this exhibit. They admit that it was not the best evidence, but claim it was properly admitted as secondary evidence because the original records were destroyed in the regular course of business and there was no evidence of fraud.

On the other hand defendant contends that the admission of this evidence violated the best evidence rule in that it was a self-serving document not prepared in the ordinary course of business and, further, that the records which it summarizes were not offered nor was their absence satisfactorily explained.

It is well established that secondary evidence is admissible where it is satisfactorily proved that the original records have been lost or destroyed, without fraud and without fault of the party seeking to use such evidence. In the circumstances of the instant case we do not find it necessary to pass on this issue. However, assuming, without deciding, that the trial justice did not err in admitting plaintiffs' exhibit 2, it appears from the record that defendant was not prejudiced thereby. The trial justice noted in commenting

on this exhibit that it was a self-serving declaration and that it contained a list of what should have been in the bag at the time of the loss. Apparently he was not satisfied with the credibility of the testimony relating to the disappearance of the original records and, therefore, he concluded that the exhibit should be given no weight as evidence. In our opinion he was justified in so doing.

Inasmuch as the exceptions of both parties to the decision of the trial justice raise substantially the same issues, we shall consider them together.

The declaration alleges that defendant was negligent in the manner in which it undertook to safeguard the bag and the contents thereof, and that as a result of such negligence the bag and the contents thereof were lost. The defendant pleaded the general issue and in addition a second plea based on the provision of general laws 1938, chapter 480, §1, as amended. The plaintiffs filed a replication to such pleas in effect denying all of the allegations of the first plea and asserting that chap. 480, as amended, did not apply in the instant case since the declaration charged defendant with negligence. The cause was heard by the trial justice on the issues raised by such pleadings.

In the instant case, plaintiffs, by suing in an action of the case and framing their declaration as one in negligence, do not come within the provisions of chap. 480, as amended, as we have construed that chapter in *Hoffman* v. *Louis D. Miller & Co.*, 83 R. I. 284, 115 A. 2d 689. Therefore it is our opinion that they are not precluded by such statute from recovering damages if they succeed in proving what they have alleged in their declaration.

The plaintiffs contend that the trial justice was correct in finding for them on the question of liability, but that he misconceived the evidence in deciding the question of damages. The defendant, on the other hand, contends that the trial justice did not err in his findings of fact with respect

to either contributory negligence or the lack thereof on the part of plaintiffs, but rather that he misapplied the law to the facts which he found. In other words the defendant contends that such facts do not constitute actionable negligence as a matter of law. In addition defendant contends that the facts as found show that plaintiffs were guilty of contributory negligence as a matter of law.

After a careful examination of the record, it is our opinion that there is sufficient evidence to sustain the findings of fact made by the trial justice. It is well established that such findings made by a trial justice, sitting without a jury, on conflicting testimony are entitled to great weight. *Pimpare* v. *McNamara*, 58 R. I. 515.

We should not disturb the decision of the trial justice unless he is clearly wrong. There is nothing in the instant record which would justify us in doing so. He carefully reviewed the evidence and made specific findings of fact on the issue of contributory negligence as well as on the issue of negligence, both of which findings were based on conflicting testimony. After a careful reading of the transcript we are convinced that plaintiffs were not guilty of contributory negligence and that defendant was negligent and that such negligence was the proximate cause of the loss of plaintiffs' property.

The trial justice did not give any weight to the evidence of plaintiffs on the question of damages. Klein's testimony was of no help to him on this point because he frankly admitted that he could only guess as to the quantity of merchandise in his bag and that he had no record pertaining to the value of the contents. Moreover in view of Schiffman's testimony that he had no personal knowledge of what was in the bag at the time of the loss, and in view of the fact that the trial justice gave no weight to plaintiffs' exhibit 2 he found that the plaintiffs had utterly failed to prove damages.

We have examined the transcript to determine whether or not the plaintiffs' evidence is sufficient to sustain the burden as to the quantity and value of the contents of the sample bag at the time of the loss. In our opinion the plaintiffs have failed to sustain the burden of proof required by law by their failure or inability to present any legally competent evidence showing the contents and the value thereof at the time of the loss.

All of the exceptions of both the plaintiffs and the defendant are overruled, and the case is remitted to the superior court for entry of judgment on the decision.

FLYNN, C. J., did not participate in the decision.

*Frank J. McGee, James L. Taft, Jr., Bernard P. Campbell,* for plaintiffs.

*Higgins & McCabe, James F. Armstrong,* for defendant.