EICHBERG & COMPANY, Inc.,
Plaintiff-Appellant,

v.

VAN ORMAN FORT WAYNE CORPO-
RATION, Defendant-Appellee.

No. 12041.

United States Court of Appeals
Seventh Circuit.

Oct. 22, 1957.

Rehearing Denied Dec. 4, 1957.

J. A. Bruggeman and Phil M. McNagny, Fort Wayne, Ind., for appellant.

Jerome B. Van Orman, Fort Wayne, Ind., for appellee.

Before FINNEGAN, SCHNACKENBERG and HASTINGS, Circuit Judges.

FINNEGAN, Circuit Judge.

Missing jewelry valued at $29,646.50 is the reason for this lawsuit. Two bags, or cases, containing these jewels were carried into defendant's hotel by plaintiff's traveling salesman, Danziger, up to the desk where he registered on a card imprinted with this message: "Notice to Guests. A safe is provided for the deposit of money, jewelry and other valuables. This hotel will not be responsible for valuables not deposited." After registering, Danziger handed the two bags in question to defendant's bellboy, saying: "I want these two bags put in the vault." In response the bellboy gave Danziger two Safety Deposit Envelopes, on each of which was printed:

"In accepting this envelope and contents for safekeeping, we assume no liability other than that provided for in the Inn Keepers' Act of this state (Indiana), which has limited our liability so that in no event can we be liable for more than the amount specified in said Act. The employee accepting this envelope

has no authority to accept same if the contents are valued at more than the amount specified in said Act."

Danziger signed each envelope below that passage just quoted, omitting, however, to fill in the line for declaration of value. The two receipts were detached, given to Danziger, and the retained parts of the envelopes fastened, one around, each bag handle. They were placed in the manager's office since defendant's hotel safe was not large enough to hold the two bags Danziger parted with while persistently remaining silent as to the contents or value. When he presented his claim stubs the following morning defendant's employees were unable to return the jewelry or bags. Presumably they were stolen by unknown persons. It is undisputed that Danziger believed the hotel had a safe; that his employer, the plaintiff, was a wholesale jeweler and owner of the missing items.

Reversal of the judgment for defendant is asked on several grounds, chief among which are plaintiff's suggested unconstitutionality and inapplicability of the following Indiana statutory provisions [1] to the issues raised by the complaint.

"37–105. Whenever the proprietor or manager of any hotel, apartment hotel, or inn, shall provide a safe in a convenient place, for the safekeeping of any money, jewels, ornaments, furs, bank notes, bonds, negotiable security, or other valuable papers, precious stones, railroad tickets, articles of silver or gold, or other valuable property of small compass, belonging to or brought in by the guests of such hotel, apartment hotel, or inn, and shall notify the guests thereof by posting a notice in a public and conspicuous place and manner at the place of registration of such hotel, or in each guest room, stating the fact that such safe place is provided in which such articles may be deposited, if such guest shall neglect or fail to deliver such property to the person in charge of such office for deposit in such safe, neither such hotel, apartment hotel, or inn, nor the proprietor nor manager thereof, shall be liable for any loss of or damage to any such property sustained by such guest, or other owner thereof, whether such loss or damage is occasioned by the neglect of such proprietor or manager or of his agents or otherwise. If such guests shall deliver such property to the person in charge of such office for deposit in such safe, such hotels, apartment hotels, or inns, or the manager or proprietor thereof, shall not be liable for the loss or damage of such property sustained by such guest or other owner thereof in any sum exceeding the sum of six hundred dollars ($600), whether such loss or damage is occasioned by the negligence of such proprietor or manager or by his agents or otherwise, notwithstanding said property may be of greater value, unless such proprietor or manager shall have entered into a special agreement in writing agreeing to assume such additional liability."

"37–106. Except as provided for in the foregoing section the hotel, apartment hotel, or inn, or the proprietor or manager thereof, shall not be liable for the loss of or damage to personal property, other than merchandise samples or merchandise for sale, brought into such hotel, apartment hotel, or inn by any guest thereof, exceeding two hundred dollars ($200) in value, whether such loss or damage is occasioned by the negligence of such proprietor or manager or his agents or otherwise, unless such manager or proprietor shall have contracted in writing to assume greater liability. This limitation of liability shall apply also with respect to the

**1.** 7 Burns, Indiana Stats., Annot. title 37, chap. 1 (1949 Repl. Vol.) §§ 37–105 to 37–107.

liability for the safekeeping of any luggage or other personal property left in any hotel, apartment hotel, or inn to be checked in any check-room operated by such hotel, apartment hotel, or inn, whether such luggage or other personal property is brought in by and belongs to a guest or to a person who is not a guest."

"37–107. A hotel, apartment hotel, or inn, or the proprietor or manager thereof, shall not be liable for the loss or damage to any merchandise samples or merchandise for sale, whether such loss or damage is occasioned by the negligence of such proprietor or manager or his agents or otherwise, unless the guest or other owner shall have given prior written notice of having brought such merchandise into the hotel and of the value thereof, the receipt of such notice shall have been acknowledged in writing by the proprietor, manager or other agent and in no event shall such liability exceed the sum of four hundred dollars ($400) unless the manager or proprietor of such hotel, apartment hotel, or inn shall have contracted in writing to assume a greater liability."

■ Faced with an obvious statutory bar, or at least a clear ceiling on dollar liability, plaintiff grounded its complaint on two theories: (1) a common law action against the bailee for hire for failure to deliver the bailed property on demand, and (2) a common law action of deceit arising out of defendant innkeeper's alleged misrepresentation that the bailed property would be put in its vault for safekeeping "when in truth and in fact," plaintiff pleaded, "there was no such vault and there was never any intention to place the property in a vault." The complaint did not challenge the constitutionality of the Indiana Act. Yet plaintiff tells us of some oral argument, undisclosed by the record, touching on constitutional aspects, which, of course, fails as a method for bringing such question before us on appeal; if indeed constitutional questions can be raised solely by counsel's oral comments in the trial court. In its reply brief plaintiff's counsel, answering defendant's point II, states: "There is nothing in the record to show the position of the plaintiff below on the constitutionality of the statute. Actually we do not know how to include that in the record without printing the briefs filed below and transcribing the oral arguments." No statement of the points on which plaintiff intended to rely on in this appeal appears of record. See Federal Rules of Civil Procedure, Rule 75(d), 28 U.S.C. See also: Employer's Liability Assurance Corporation v. Maryland Casualty Co., 7 Cir., 1956, 230 F.2d 370. Exclusion of the constitutional issue leaves the Indiana Act interposed between plaintiff's claim and any recovery of damages.

■ As the record unfolds, it is abundantly clear that plaintiff's salesman was carrying merchandise within the meaning of § 37–107 in two cases each about 5″ thick and 30″ long, "made specially so it wouldn't look like any ordinary jewelry case * * * all * * * [the] cases * * * are made to look a little different." Indeed Danziger also testified: "We just don't want to be so obvious * * * To everybody on the street that we are in the jewelry business." To this should be added his complete nondisclosure of the contents or value to the defendant's staff. This is not a situation of theft by the hotelkeeper from a guest. We think § 37–107 was intended to protect innkeepers from undisclosed excessive liability. Imposition of liability on this defendant could only be based upon a written agreement complying with § 37–107. Fisher v. Kelsey, 1887, 121 U.S. 383, 7 S.Ct. 929, 30 L.Ed. 930; See also Gardner v. Jonathan Club, 1950, 35 Cal.2d 343, 217 P.2d 961 involving virtually the same form "A and B" checks used by the parties in the case before us. Danziger's undisputed non-compliance with § 37–107 cut off that statutory, and only, remedy. The legal relations between plaintiff and defendant, prevailing at common law be-

tween innkeepers and guests, has been so drastically altered and differently defined by the Indiana legislature that both theories undergirding plaintiff's complaint fail. See § 37–107, supra. Consequently those allegations in plaintiff's "second paragraph," so-called, sounding in tort were immaterial and undeserving of precise findings of fact in the trial judge's ultimate disposition based squarely on the Indiana legislation. In our view Rule 52, Federal Rules of Civil Procedure, 28 U.S.C. has been adequately obeyed and plaintiff's asserted error on that phase of the case is without substance as are all its other points.

Plaintiff's motion for a new trial was rightly denied and the judgment appealed is affirmed.

Judgment affirmed.