**LINK–SIMON, INC., Plaintiff,**

v.

**MUEHLEBACH HOTEL, INC.,**
**Defendant.**

No. 20386–1.

United States District Court,
W. D. Missouri, W. D.

May 1, 1974.

As Amended May 8, 1974.

Glenn McCann, Knipmeyer, McCann, Fish & Smith, Kansas City, Mo., for plaintiff.

David Skeer, Sheffrey, Ryder, Skeer, Krigel & Rose, Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

JOHN W. OLIVER, District Judge.

This case pends on defendant's Motion for Summary Judgment. The parties have stipulated and agreed that there are no disputed questions of fact, for the purposes of defendant's Motion for Summary Judgment, and that the Court may rule upon the same based upon the facts contained in Pretrial Order Number Two and the Supplemental Stipulation. The case is therefore in proper posture for ruling the pending motion.

The relevant facts as stipulated can be stated very briefly. Barnard Simon was president of plaintiff corporation. In the course of his business as a jewelry salesman for plaintiff he registered with defendant and rented a room on October 20, 1970. On October 22, 1970, he delivered to defendant a sample case containing diamonds for safekeeping. He received a key for the safety deposit box wherein the case was kept. That evening he was accosted in his room by two men who bound him and took the key to the box. With the key they were able to secure the sample case containing the diamonds from the safety deposit box. It is undisputed that the $91,218.32 worth of diamonds constituted merchandise for sale or sample and that at no time did plaintiff give defendant written notice of having such merchandise in his possession.

The broad legal question presented by the motion for summary judgment is whether plaintiff's failure to comply with the notice requirements of V.A.M. S. § 419.030, forecloses his right to recover from the innkeeper for the loss of his merchandise.

The applicable statute excludes the innkeeper from all liability for the loss of merchandise for sale or sample unless the guest has given written notice of having such merchandise in his possession. The Supreme Court of the United States has held that the statute precludes recovery even if the innkeeper has actual notice of such merchandise. In Fisher v. Kelsey, 121 U.S. 383, 7 S. Ct. 929, 931, 30 L.Ed. 930 (1887), the Court affirmed a decision by the Supreme Court of Missouri that "the absence of the written notice required by the act of 1872 was fatal to their right to recover" [121 U.S. at 387].

It is unquestioned, therefore, that plaintiff cannot recover under the statute. In *Fisher*, however, plaintiff sued

the innkeeper, under his absolute duty to care for the belongings of his guest, which is the theory under which plaintiff sues defendant in this case in Count I of his complaint. Plaintiff here, however, sues in Counts II and III of the complaint on a theory of negligence, which is a question that was not raised in *Fisher*. The statute that applies under the factual circumstances of this case, as interpreted in *Fisher*, clearly alters the innkeeper's duty as an insurer. It is not so clear, however, whether plaintiff's right to recover on a theory of negligence was also altered by the statute.

The precise question presented by the motion for summary judgment, therefore, is whether V.A.M.S. § 419.030 is dispositive of not only recovery based upon the innkeeper's liability as insurer, but also recovery based upon the allegation that defendant's negligence contributed to the loss of plaintiff's property.

The issue with which this Court is faced, therefore, is one of statutory interpretation. No Missouri court has ruled the precise question. Cases cited by plaintiff are not in point. In Phoenix Assurance Co. of New York v. Royale Investment Co., 393 S.W.2d 43 (Mo. App.1965), the court, stating the principle that statutes in derogation of the common law should be strictly construed, held that V.A.M.S. § 419.010 did not apply to an automobile. That holding is of little help in the interpretation of § 419.030.

In Horton v. Terminal Hotel and Arcade Co., 114 Mo.App. 357, 89 S.W. 363 (1905), the court considered the applicability of the predecessor to § 419.020 to a situation in which the plaintiff did not offer his property for deposit in the hotel vault, as required by the statute, but simply handed it to the clerk and requested him to keep it for him. The court held that the hotel was not liable as an innkeeper for the subsequent loss of the property due to the failure of the plaintiff to comply with the statute, but that it was liable as a bailee. That case is distinguishable because there the property was handed to the clerk for safekeeping while plaintiff went next door to a restaurant. When he returned to the hotel he asked for the property. The bellboy left the property on the balustrade for a moment while in the process of taking it to the plaintiff and it was stolen. The court held that because the plaintiff had handed the property to the clerk not for deposit in the vault but simply to keep for him while he was dining, the hotel became a gratuitous bailee and the situation was not covered by the statute defining the liability of innkeepers. That situation is clearly not present here where plaintiff offered the property in question to the clerk for deposit in the vault and where the property involved is merchandise for sale or sample.

Finally, plaintiff quotes language from Batterson v. Vogel, 8 Mo.App. 24 (Cir. Ct. St. L. 1879), to the effect that the predecessor to § 419.020 was adopted in order to limit the strict liability of the innkeeper at common law. That language may not be taken out of context to support defendant's position. There, the innkeeper had not complied with the statutory terms which would limit his liability. The statute was strictly construed, therefore, to mean that the only way the innkeeper could avoid his common law liability as insurer was to comply with the terms of the statute. The question of liability for negligence was not before the court.

█ It is clear, therefore, that the Missouri cases on the subject are not helpful in the determination of the precise question with which we are faced. It is the duty of this Court, therefore, to decide how the Supreme Court of Missouri would interpret the statute if faced with the question. Klaxon Co. v. Stentor Electric Manufacturing Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), and Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188

(1938). That decision, under appropriate principles of statutory interpretation, turns upon the statutory scheme covering the subject matter, the legislative history of the statute, and cases from other jurisdictions dealing with similar statutes.

■■ The first governing principle is that any statute in derogation of common law, as is clearly the case with V. A.M.S. § 419.030, must be strictly construed. That construction must not be so strict, however, as to violate what we determine to be the plain meaning of the statute. See Minneapolis Fire & Marine Insurance Co. v. Matson Navigation Co., 44 Hawaii 59, 352 P.2d 335, 338 (Hawaii, 1960).

The common law rule of innkeepers' liability imposed an almost absolute duty on the innkeeper to safeguard the possessions of his guests. That duty was stated in Sparr & Green v. Wellman, 11 Mo. 148, 151 (1847) as follows:

It is only upon the ancient and perhaps somewhat severe law, adopted from considerations of public policy, that the innkeeper is in such cases [robbery] held responsible for the loss. There is no breach of trust or fraud necessarily implied by such an occurrence. The robbery may have been committed, notwithstanding the exercise of the greatest caution and vigilance on the part of the innkeeper, and it is only on account of a great principle of public policy, adopted at a period when traveling was conducted on a very limited scale compared with the present condition of society, that the law holds the inn-keeper responsible almost without regard to the cause of the loss.

As the underlying reasons for the rule of strict liability became less and less valid, legislation, beginning in New York and Pennsylvania, was passed which alleviated the innkeepers' common law burden. See Annotation, 9 A.L.R.2d 818, 821 (1950).

Legislation commenced in Missouri in 1855 with the passage of the following statute entitled "An Act Concerning Liabilities of Innkeepers:"

Section 1.—No innkeeper in this State, who shall constantly have in his inn an iron safe, in good order, and suitable for the safe custody of money, jewelry, and articles of gold and silver manufacture, and of the like, and who shall keep a copy of this act printed, by itself, in large, plain English type, and framed, constantly and conspicuously suspended in the office, bar-room, saloon, reading, sitting and parlor-room of his inn, and, also, a copy printed, by itself, in ordinary sized, plain English type, posted upon the inside of the entrance door of every public sleeping-room of his inn, shall not be liable for the loss of any such articles aforesaid, suffered by any guest, unless such guest shall have first offered to deliver such property lost by him to such innkeeper, for custody in such iron safe, and such innkeeper shall have refused or omitted to take it and deposit it in such safe for its custody, and to give such guest a receipt therefor.

Section 2.—No innkeeper in this State shall be liable for the loss of any baggage, or other property of a guest, caused by fire not intentionally produced by the innkeeper or any of his servants; but any innkeeper shall be liable for any loss of any guest in his inn, caused by the theft or gross negligence of the innkeeper, or of any of his servants, any thing to the contrary thereof in this act notwithstanding.

Section 3.—The act entitled "An act to regulate inns and taverns, approved March eighteenth, eighteen hundred

and forty-five," and all acts amendatory of the same, are hereby repealed.

This act shall take effect and be in force from and after its passage. [Law of December 5, [1855] Laws of Missouri Ch. 79] [General Statutes, Ch. 99 (1865)]

In 1872, Section 2 of the Act of 1855 was amended to provide the predecessor of the current V.A.M.S. § 419.030:

Section 1.—Section two (2) of chapter ninety-nine (99) of the General Statutes of Missouri, is hereby amended so as to read as follows:

No inn-keeper in this state shall be liable for the loss of any baggage or other property of a guest, caused by fire, not intentionally produced by the inn-keeper or his servants, nor shall he be liable for the loss of any merchandise for sale or sample belonging to a guest, unless the guest shall have given written notice of having such merchandise for sale or sample in his possession after entering the inn, nor shall the inn-keeper be compelled to receive such guest with merchandise for sale or sample; but inn-keepers shall be liable for the losses of their guests caused by the theft of such inn-keeper or his servants, anything herein to the contrary notwithstanding. [Law of April 1, 1872 [1871–1872] Laws of Missouri p. 55 § 1]

The next major alteration of the liability of the innkeeper occurred in 1921 with the passage of the following statute:

That from and after date of taking effect of this act no hotel or innkeeper in this state, shall be liable for the loss of any money, jewelry, wearing apparel, baggage or other property of a guest in a total sum greater than two hundred dollars, unless such hotel keeper or innkeeper by an agreement in writing individually, or by the authorized agent or ·clerk in charge of the office. of such hotel or inn, shall voluntarily assume a greater liability with reference to such property, and as regards money, jewelry or baggage, such hotel keeper or innkeeper shall not in any event be liable for the loss thereof or damage thereto, unless the same has been actually delivered by such [guest] to him or his authorized agent, or clerk, in the office of such hotel or inn, and the receipt thereof acknowledged by the delivery to such guest a claim check of such hotel keeper or innkeeper, unless such loss or damage occur through the willful negligence or wrongdoing of such hotel keeper, or innkeeper, his servants, or employees. Provided, that this act shall be posted in the office of every hotel and inn and in every guest room thereof, and unless so posted, the same shall not apply in the case of hotel keepers or innkeepers failing to post same. [Law of April 8, 1921 [1921] Laws of Missouri p. 399, § 1].

With the exception of punctuation and minor word changes, these statutes constitute the Missouri law on innkeepers' liability today.

In support of its contention that V.A.M.S. § 419.030 should be construed as altering the innkeeper's duty as insurer and that it does not affect a common law action based on negligence against the innkeeper, plaintiff relies first on several cases from other jurisdictions which have interpreted statutes covering the same subject matter as affecting only the duty as insurers: Schiffman v. Narragansett Hotel, 86 R.I. 258, 134 A. 2d 153 (1957); Hoffman v. Louis D. Miller & Co., 83 R.I. 284, 115 A.2d 689 (1955); Shifflette v. Lilly, 130 W.Va. 297, 43 S.E.2d 289 (1947); Roger Wurmser, Inc. v. Interstate Hotel Co., 148 Neb. 660, 28 N.W.2d 405 (1947); Shiman Bros. & Co. v. Nebraska National Hotel Co., 143 Neb. 404, 9 N.W.2d 807 (1943). In addition, Annot., 37 A.L.R. 3d 1276, 1290 at § 5(b) (1971), lists other cases in which the same conclusion was reached.

In general, the courts in those cases have stressed the historical background of and the purpose for which innkeepers' liability statutes were designed, and have concluded that the statutes were intended to relieve the innkeeper of his responsibility only as an insurer and that, therefore, they did not affect his responsibility for losses occasioned by his negligence.

Other cases from other jurisdictions, however, have resulted in a contrary interpretation. See, e. g., Oppenheimer v. Morton Hotel Corporation, 210 F.Supp. 609 (W.D.Mich.1962); Eichberg & Company v. Van Orman Fort Wayne Corp., 248 F.2d 758 (7 Cir. 1957), and the cases cited in Annot:, 37 A.L.R.3rd 1276, 1286 at § 5(a) (1971). The courts in these cases have generally relied on the plain language of the statutes to conclude that they were intended to cover complaints grounded in negligence as well as those based upon the innkeeper's duty as insurer.

None of these cases control the situation here, of course, for the interpretation of the Missouri statute must be decided not on generalizations from cases from other jurisdictions but based upon careful analysis of the Missouri statute itself. The cases may, however, throw some light on the manner in which the Missouri statute should be analyzed.

It is most significant to note that all of those cases cited by the parties and found by independent research which have held that the statute in question was not intended to cover actions for negligence have dealt with statutes that make no provision whatsoever concerning liability for negligence. Typically, those statutes limit the amount of the innkeeper's liability or the conditions under which liability may be imposed with no mention of whether such limitations apply in cases in which the guest is attempting to recover from the innkeeper on a theory of negligence.

In almost all cases in which statutes have been held to affect causes of action grounded in negligence the statutes included specific reference to liability for the negligence of an innkeeper or his servants. The Oklahoma statute involved in Kalpakian v. Oklahoma Sheraton Corporation, 398 F.2d 243 (10 Cir. 1968), for example, relieves the innkeeper from liability of a loss over $300.00 "whether by negligence of such proprietor, manager or operator, or his, her, or its servants, or employees, or by fire, theft, burglary or any other cause" [15 Okla.St.Ann. § 503a].

In Pfenning v. Roosevelt Hotel, 31 So.2d 31 (Ct.App.La.1947), the court relied on this distinction as controlling. The statute in that case provided that the innkeeper would not be liable for loss of valuables if not placed in the hotel vault "unless such loss shall occur through the fraud or negligence of the landlord, or some clerk or servant employed by him in such inn or hotel . . . ". [La.Civ.Code, art. 2969].

The Supreme Court of the United States also concluded that such a provision was conclusive in its interpretation of an Illinois statute in Elcox v. Hill, 98 U.S. 218, 25 L.Ed. 103 (1878).

■ The Missouri statute is not, on its face, conclusive in this respect. Section 419.030 does not mention a cause of action for negligence. Its predecessor, however, Law of December 5, 1855 [1855] Laws of Missouri ch. 79, § 2, did provide that the innkeeper would be liable for loss covered by the theft or gross negligence of the innkeeper. The revision of § 2 in 1872, which is basically § 419.030 as it is written today, dropped the proviso as to gross negligence but did retain the proviso for theft by the innkeeper. In interpreting the latter statute, this Court must assume that the legislature was aware of each and every provision of the former statute and that the amendment of the statute which left out a portion of the former statute was intended to affect the operation of the omitted part of the statute. See State v. Daues, 14 S.W.2d 990, 1001–1003 (Mo. 1928). The omission of the gross negligence provision in the statute must have

been intentional and can only be interpreted as an intention on the part of the legislature that gross negligence would no longer impose liability on the innkeeper.

The Missouri statute is, therefore, similar to those statutes which provide for situations in which the innkeeper may have been liable by reason of negligence and which courts have held to control actions for negligence, as well as actions based on the innkeeper's liability as insurer. Indeed, the Missouri statute is even clearer because the legislature specifically considered gross negligence in its 1872 revision and rejected it.

■ It is also a principle of statutory interpretation that statutes *in pari materia* to a given statute should be considered together with that statute in determining the legislative intent as to the statute in question. See City of St. Louis v. Carpenter, 341 S.W.2d 786 (Mo.1961). It can not be disputed that § 419.010 is *in pari materia* with § 419.-030. Section 419.010 relates to limitation of liability for losses of personal property of a guest and does include a provision governing situations in which the innkeeper has been guilty of willful negligence or wrongdoing. Had the legislature intended that § 419.030, which concerns a specific kind of property not covered in § 419.010, not cover situations in which the innkeeper was negligent, it would have affirmatively provided for those situations as it did in § 419.010.

■ In considering the legislative history of the Missouri statute and the other provisions relating to the liability of innkeepers, it appears that the legislature has completely covered the common law liability of innkeepers—both as to strict liability and negligence liability. We find and conclude, as did the court in Eichberg & Company v. Van Orman Fort Wayne Corp., 248 F.2d 758, 760–761 (7 Cir. 1957), in interpreting the statutes of Indiana on this subject, that the Missouri statutes on the subject of innkeepers' liability for the loss of property of guests, V.A.M.S. §§ 419.-010–419.030, completely alters the common law liability of the innkeeper and controls all actions by guests for loss of property, whether brought on a theory of strict liability or negligence liability. That court, in conclusion, stated:

The legal relations between plaintiff and defendant, prevailing at common law between innkeepers and guests, has been so drastically altered and differently defined by the . . . legislature that both theories [bailment and misrepresentation] undergirding plaintiff's complaint fail.

Finally, we note that our interpretation of the intent of the Missouri legislature is perfectly consistent with logic and sound public policy. The Supreme Judicial Court of Maine gave expression to the obvious rationale of such a provision in Levesque v. Columbia Hotel, 141 Me. 393, 44 A.2d 728, 730 (1945), which concerned a statute that relieved the innkeeper of liability for items not deposited with the innkeeper for safekeeping:

The hotelkeeper is not a banker; and he is not in the business of operating a safe deposit vault except as an incident to operating a hotel. It is not, therefore, unreasonable to restrict his liability for such incidental services rendered to his guests within such limits as will meet their ordinary needs. Those who carry with them large amounts of money or jewelry must take other measures for their protection. The added cost to the hotelkeeper of providing for such protection even as against the willful act or negligence of an employee, is in the last analysis one of his costs of operation reflected in the rates charged to all. Why should those guests who do not need such protection pay for the cost of those who do?

■ We conclude, therefore that V. A.M.S. § 419.030 was intended by the legislature to preclude, in cases in which the guest does not comply with the notice requirements of the statute, the lia-

bility of an innkeeper for the losses of a guest not only when recovery is sought on the basis of the innkeeper's common law responsibility as insurer, but also when recovery is sought on the basis of the alleged negligence of the innkeeper. Accordingly, it is

Ordered that defendant's motion for summary judgment should be and is hereby granted.