98 U.S. 218
 25 L.Ed. 103
 ELCOX
v.
HILL.
 October Term, 1878
 
 ERROR to the Circuit Court of the United States for the Northern District of Illinois.
 This is an action of trespass on the case by Elcox and Larter against Hill, proprietor of a public hotel in the city of Chicago, to recover the value of a quantity of jewelry lost by them while Larter was a guest at the hotel.
 The plaintiffs were manufacturing jewellers, doing business at Newark, N. J. Larter left home for a tour through several Western cities, with some $6,300 worth of jewelry, which was contained in two travelling-bags or satchels, like those usually carried by travellers: one a large leather bag, containing about $5,300 worth of solid gold jewelry, and the other a small satchel, containing about $1,000 worth of jewelry. The smaller bag was not locked and had no key.
 On arriving at the hotel, Sunday morning, March 9, 1873, he registered his name and asked for a room, but one could not be assigned to him for some three or four hours. During the time he was waiting he placed his travelling-bags in the coat-room and received a check therefor. Between twelve and two o'clock, a room was assigned to him on the upper floor of the house, and his baggage, consisting of the two bags, was taken from the coat-room and carried up to the room, where he remained for some time and then came down to dinner. Before going into the dining-room, he gave the key of his room to the bell-boy, who had conducted him to the room and carried the bags, and directed him to go up and bring them down and put them in the coat-room again; and on coming out from dinner he received from the boy the coat-room check for them. He saw them in the coat-room two or three times after that before he went to bed, the last time being about ten o'clock at night, at which time William Drum, the boy then in charge of the coat-room, as Larter said, voluntarily told him that they were perfectly safe, and that the coat-room would be locked up at twelve o'clock. Soon after this, Larter went to his room for the night, and after breakfast in the morning called at the coat-room for his satchels. The small one only could be found, and from that the jewelry had been stolen. He had previously given no information of the contents of the bags, nor had he asked to have them placed in the safe.
 At the top of the page of the register, where he wrote his name on entering the hotel, were printed these words:——
 'Money, jewels, and valuable property must be placed in the safe in the office, otherwise the proprietor will not be responsible for any loss.'
 On the door of the room assigned to him, and on the door of every other room, was a printed notice, containing among other things the following:——
 '9. All guests of the house are cautioned against leaving money, jewels, or valuables of any description in their rooms, as the proprietor will not be responsible for them if stolen. Money or valuables, properly labelled, must be deposited in the safe at the office.'
 And also a copy of the statute of the State of Illinois, entitled 'An Act for the protection of innkeepers,' which is as follows:——
 'SECT. 1. Be it enacted by the people of the State of Illinois represented in the General Assembly, that hereafter every landlord or keeper of a public inn or hotel in this State, who shall constantly have in his inn or hotel an iron safe in good order and suitable for the custody of money, jewelry, and other valuable articles belonging to his guests or customers, shall keep posted up conspicuously at the office, also on the inside of every entrance-door of every public, sleeping, bar, reading, sitting, and parlor room of his inn or hotel, notice to his guests and customers that they must leave their money, jewelry, and other valuables with the landlord, his agent or clerk, for safe keeping, that he may make safe deposit of the same in the place provided for that purpose.
 'SECT. 2. That such landlord, hotel or inn keeper as shall comply with the requirements of the first section of this act shall not be liable for any money, jewelry, or other valuables of gold, or silver, or rare precious stones that may be lost if the same is not delivered to said landlord, hotel or inn keeper, his agent or clerk, for deposit, unless such loss shall occur by the hand or through the negligence of the landlord, or by a clerk or servant employed by him in such hotel or inn: Provided, that nothing herein contained shall apply to such amount of money and valuables as is usual, common, and prudent for any such guest to retain in his room or about his person.'
 For the purpose of sefely keeping the valuables and jewelry of guests, the proprietor had a very large vault built in the hotel, which was in plain sight, back of the counter, in the office, immediately in front of Larter when he wrote his name upon the register.
 The coat-room in the hotel was only intended for the reception of ordinary hand-valises, coats, and umbrellas, and not for valuables or jewelry: the place for valuables and jewelry was in the safe or vault.
 At the trial, the plaintiffs offered to prove by two witnesses the admission to them by the boy William Drum that he had stolen the jewelry, but on the objection of the defendant the evidence was excluded.
 The court having charged the jury that the notice (paragraph 9, supra) was a sufficient compliance with the statute, further instructed them as follows:——
 'If the defendant has made out to your satisfaction from the proof that he did comply with this law by providing a safe, and posting notices as required, then the plaintiffs, in order to hold him liable on the ground that the loss comes within the exceptions of the statute, must satisfy you it did in fact occur by the hand of one of the defendant's servants employed in the hotel. The mere suspicion that Drum took the goods, or suspicious circumstances, are not enough. The evidence should be such as to reasonably satisfy your minds that the goods were so lost by the fault or hand of this servant. The burden of proof on this point is with the plaintiffs; and the failure or negligence of the defendant to prosecute Drum on a criminal charge for stealing this property does not tend to show that the boy was guilty, or that the loss occurred through his act. The defendant was no more bound to prosecute this boy for this criminal offence than any other citizen. It was a violation of the general criminal law of the land if the boy was guilty; and any citizen was as much bound to see that he was criminally prosecuted as was the defendant.
 'I come now to consider the last point made by the defendant, and that is, that the goods in question were lost by reason of the want of due care on the part of Larter. Negligence is usually, in cases like this, wholly a question of fact for the jury. Negligence is a relative term; that is, what is or is not negligence depends upon circumstances, and you must determine, from all the circumstances surrounding the transaction as disclosed in the proof, whether Larter's negligence contributed directly to this loss or not. Every man is bound to act with such prudence and care as it is presumed would be taken by an ordinarily careful and prudent man under similar circumstances; and a failure to so act is what is called negligence.
 'It is obvious that the degree of care with which a man is bound to act must depend largely upon the degree of responsibility with which he is charged. For instance, a man who is the custodian of several thousand dollars should be expected to be much more prudent and circumspect in his conduct than one with a very small sum of money; and what might be called gross negligence in a man with valuable jewelry or a large sum of money under his charge, might not be deemed negligence at all in a man with but little money and no jewelry or valuables in his charge.
 'The admitted facts in this case are that Larter placed these two bags containing this large quantity of valuable jewelry first in the coat-room, then took them to his room with the aid of the bell-boy, then left them in his room and sent the bellboy after them, with directions to place them in the coat-room. Then, by frequent looks and inquiries in regard to his bags, which he admits making, he may have betrayed such solicitude for their safety as called attention to them unnecessarily. One of these bags contained over $5,000 worth of jewelry, and must necessarily have betrayed its contents, and to some extent its value, by its weight. The conversation with this boy late in the evening, and the acceptance of his voluntary assurances that the bags were perfectly safe where they were, are all circumstances bearing upon the question of negligence, and to be considered, and it is for you to say whether a person of ordinary prudence, with so responsible a trust, would have so conducted himself.
 'Travellers must be presumed to know the relative duties of the different classes of employees about a hotel, that is to say, that they have no right to intrust their baggage to the care of the table-waiter, or to the hostler, from the fact that it is not the duty of such employees to look after or care for the baggage, or take the custody of it; and it is for you to say whether the leaving of this baggage by Larter in this coat-room was not of itself an act of negligence, especially when he failed to inform any one of its contents. If he had said to the landlord or the clerk in charge of the office, 'My satchel is in that coat-room, it contains valuable jewelry;' and if the landlord or clerk had left it there after such information, they might be held to have assented to accept it there, and to have left it themselves in the charge of the servant in care of the coat-room; but it is a question for you to consider whether it was not such negligence as might amount to a fraud on the defendant for Larter to leave this valuable property in such a place, without informing the defendant or his proper clerk in the office of its value, so that they might govern themselves accordingly.
 'As I said before, negligence is a relative or comparative term. Probably, if a guest at a hotel should deposit his money or jewelry with a table-waiter, or cook, or bell-boy, without direction to do so from the landlord or clerk in charge, or leave his satchel containing money and valuables unprotected in the halls or public passages, or leave his money exposed in his room, and his room unlocked,—no one would hesitate to say that such an act was an act of negligence to such an extent as to excuse the landlord in case of loss. And it is for you to say in the light of the proof, and of your own knowledge and experience of the manner in which large city hotels are necessarily conducted, whether trusting valuable packages, such as jewelry like this of the plaintiff, to the care of the coat-room boy was or was not an act of negligence for which the party should suffer the consequences rather than the landlord.
 'It is true, as has been urged by counsel, that the innkeeper is responsible for the acts of his servant; but that does not justify a guest at a hotel in intrusting valuable merchandise to the care of a subordinate servant, whose line of duty was not the charge or keeping of such valuables without the knowledge of the landlord, or of his clerk in charge.
 'The evidence has disclosed to you to some extent the duties of the servants or employees of the hotel in charge of the coat-room; and it is for you to say in the light of the evidence whether a prudent man would have intrusted to such a servant and such a place the keeping of valuable packages like these lost by Larter, without at least first making inquiries to ascertain whether any more secure place of deposit could be provided.
 'In conclusion, then, if you are satisfied from the proof that the loss in this case occurred through the want of due care on the part of Larter, under the circumstances, then the defendant is not liable, even if you should believe from the proof that the loss occurred by the fraud or the act of the boy Drum. And if you find from the evidence that the goods in question were not travellers' baggage, but merchandise, and intended for such by the plaintiffs, then the defendant is not liable, unless the defendant, or some one in his employ whose duty it was to attend to such matters, was informed of the contents of the bags, and accepted in some form the custody of them.
 'As has been said and urged on the part of the plaintiffs, the loss of the goods makes a prima facie case of liability, and you must determine whether the defendant has relieved himself therefrom by showing negligence on the part of Larter.'
 To all of which charge and instruction the plaintiffs excepted.
 There was a verdict and judgment for the defendant, whereupon the plaintiffs sued out this writ of error.
 Mr. Melville W. Fuller for the plaintiffs in error.
 Mr. Robert Hervey, contra.
 MR. JUSTICE HUNT delivered the opinion of the court.
 
 
 1
 There can be but little doubt that the goods of the plaintiffs were stolen from them while one of them was at the hotel of the defendant, in the city of Chicago. They insist thereupon that their loss shall be made good; but it does not follow, because they met with a loss, that they can recover the amount from him.
 
 
 2
 The defendant contends that he is exempt from liability for money, jewels, and the like, unless his guest who lost them complied with the statute of Illinois on that subject. Where a safe for the keeping of such articles is provided by the hotelkeeper, and the notice given as required by the statute, a loser failing to take the benefit of the protection thus furnished him must bear his own loss. Hyatt v. Taylor, 42 N. Y. 258; Stewart v. Parsons, 24 Wis. 241.
 
 
 3
 To this rule the statute makes one exception. If the loss occurs 'by the hand or through the negligence of the landlord, or by a clerk or servant employed by him in such hotel or inn,' the liability remains. The judge submitted that question to the jury, who found against the plaintiffs.
 
 
 4
 It is settled by the authorities that where the loss is occasioned by the personal negligence of the guest himself, the liability of the innkeeper does not exist. Purvis v. Coleman & Stetson, 21 N. Y. 111; Cook v. The Champlain Transportation Co., 1 Den. (N. Y.) 91.
 
 
 5
 The question of personal negligence was properly submitted to the jury, and was also found against the plaintiffs.
 
 
 6
 The court refused to receive evidence that William Drum had admitted that he had stolen the jewelry in question. If he was guilty of the offence, the fact should have been established by due proof. If he were on trial himself, his admission would be competent, but upon no principle could he admit away the rights of another person.
 
 
 7
 Judgment affirmed.