## HEINZ v. LEEDS & LIPPINCOTT CO.
### No. 4684.

Circuit Court of Appeals, Third Circuit.
Jan. 23, 1932.

Harry R. Coulomb (of Bourgeois & Coulomb), of Atlantic City, N. J., for appellant.

C. L. Cole (of Cole & Cole), of Atlantic City, N. J., for appellee.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and THOMSON, District Judge.

THOMSON, District Judge.

The plaintiff, Lucy C. Heinz, of Atlanta, Ga., brings this action against Leeds & Lippincott Company, a corporation of the state of New Jersey, who owned and operated a hotel known as Haddon Hall, for the recovery of approximately $90,000 worth of jewelry, which was alleged to be owned, and was stolen from her, while she was a guest at Haddon Hall. The trial resulted in a verdict for the defendant, on which judgment was entered, and a motion for a new trial refused. From this judgment, this appeal is taken.

The plaintiff, her husband and son, occupied a large double room with an adjoining bath. Mrs. Heinz did not deposit her jewelry in the safe in the office, which had been provided for guests in the hotel. It is alleged that she had frequently worn the jewelry, and on August 4th, the evening before the alleged robbery, she claims she had worn practically all of it. On that evening, upon retiring to her room, she says that she removed the jewelry from her person, and put it in four or five cases in a drawer of the wardrobe trunk and locked it. She claims that she had packed her trunk and jewelry preparatory to departure from the hotel on the morning of August 5th. It is alleged that about 9:30 o'clock she ordered breakfast to be sent to her room, and between that time and the delivery of the breakfast she was engaged in packing the trunk. A few minutes later, a waiter, Sears, brought the breakfast to her room, and knocked at the door. Not being prepared to receive the waiter when he came into the room with the breakfast tray, she stepped into the bathroom, put on her dressing gown, and closed the bathroom door. As she stepped out of the bathroom, the waiter passed out with the tray, having left the breakfast on a small table. On going toward the trunk, she noticed that the drawer was open, and an examination disclosed that the jewelry was gone. She telephoned to the office of the hotel, and, when a clerk came, she told him of her loss, and the details concerning it. The clerk telephoned to the kitchen to detain the waiter, but he had gone out with another order, and did not return for about ten minutes. The hotel was thoroughly searched on two occasions, the person and home of Sears, and the bedroom of Mrs. Heinz. The jewelry was never found, and, to recover its value, this action was brought.

The action is based on the common-law theory of an innkeeper's liability as an insurer of the goods of a guest in the hotel. A statute of New Jersey (3 Comp. St. N. J. 1910, p. 3134, § 46) provides, in substance, that whenever the proprietor of a hotel, inn, or boarding house shall provide a safe in the office, or other convenient place, for the safekeeping of money, jewels, bank notes, etc., belonging to the guests or travelers in such hotel, and shall place a notice stating the fact that such safe is provided, in the room or rooms occupied by such guests, in a conspicuous position, and if such guest or traveler shall neglect to deliver such money, jewels, etc., to the parties in charge of such safe, the proprietor of such hotel shall not be liable for the loss. There was a booklet left in the room of Mrs. Heinz, but the court held that the notice contained in the booklet was not in compliance with the New Jersey statute. However, he submitted the case to the jury upon the theory that, if the plaintiff had knowledge from the booklet, or otherwise, that there was a safe in the office for the safekeeping of jewelry, and did not deposit the same in the safe, it was a question for the jury to decide whether or not she was guilty of contributory negligence.

As we view the case, the question was for the jury to determine, first, whether the plaintiff, in fact, was possessed of the jewelry on the morning of August 5th, in her room, as claimed by her; second, was the jewelry lost from her room as claimed, being taken therefrom by Sears, an employee of the hotel; third, was the plaintiff guilty of contributory negligence, in the handling of her jewelry in such way as to contribute to the loss sustained?

We have read with great care the judge's charge and the points submitted, and are unable to convict the court of substantial error, either in his charge or answers to points. The question of the insurance of the jewels and the subsequent payment of their value by the insurance company, was immaterial and should have been excluded, but it seems to have been brought into the case by some testimony of the plaintiff herself. Under the circumstances of the case, the court could not have said, as a matter of law, that the statute of New Jersey exonerated the defendant, from the mere fact that the jewelry was not deposited in the safe. Certainly there ought to be a strict compliance with the act if the hotel owner is to claim its benefits; and it is doubtful whether actual notice, as opposed to the constructive notice arising

from the posting in a conspicuous place, as provided by the statute of New Jersey, would operate as a bar to plaintiff's recovery. In the circumstances of the case, the plaintiff would appear to have the right to have her jewelry in her personal custody when she was preparing to leave the hotel. If this right existed, we do not think it would be taken away because she had theretofore failed to take advantage of the protection of the safe. Her previous dereliction, if any, did not result in loss; but all these facts—the knowledge which she may have had with reference to the existence of the safe for depositors, and her treatment of the jewelry on the morning when it was taken—were properly for the consideration of the jury in determining whether she was guilty of negligence which contributed to her loss. The matter of contributory negligence was submitted to the jury in various forms by the learned court, and we think the jury must have understood it. It is impossible now to determine what particular phase of the case controlled the jury's verdict. They may have believed that the plaintiff did not have the jewelry; or, if she had it, that it was not stolen, as claimed; or, that plaintiff's conduct with reference to the jewelry was such as to convict her of contributory negligence. The jury was entitled to pass upon all of these questions, and, having done so, their verdict ought to be conclusive upon all questions of fact submitted for their consideration.

The judgment is therefore affirmed.