# MINNEAPOLIS FIRE & MARINE INSURANCE CO.
## v. MATSON NAVIGATION COMPANY.

### No. 4073.

JANUARY 11, 1960.

TSUKIYAMA, C. J., MARUMOTO, CASSIDY, WIRTZ
AND LEWIS, JJ.

OPINION OF THE COURT BY CASSIDY, J.

From the allegations of the complaint and the record
in this case it appears that while Walter and Ida B. Erman

were guests at defendant's (appellant's) Royal Hawaiian Hotel they entrusted a mink coat to an employee of the hotel to be taken from and protected out of their room and the employee so negligently cared for the coat that it was lost or stolen while in his custody. Plaintiff (appellee), as insurer, paid the owners $2,000 for the loss and, in subrogation, by this action seeks to recover the amount from the defendant hotel owner.

A special defense set out in defendant's answer is that, even if it were found that the loss of the mink coat occurred because of the hotel employee's negligence as alleged in the complaint, defendant's liability would be limited to $50 under § 8764, R.L.H. 1945. That section is now R.L.H. 1955, § 193-13 and is quoted, with related § 193-12, in the margin.[1]

On a pre-trial hearing the trial judge dismissed the special defense. He ruled that where recovery is based on

---

[1] § 193-12. Safe for valuables; limitation of liability for deposited valuables. Whenever the keeper of any hotel provides a safe or vault in the office thereof, for the safekeeping of any money, jewels, bank notes, precious stones, railroad or steamship tickets, negotiable or valuable papers or ornaments belonging to the guests of, or travelers in, the hotel, and posts a notice stating the fact that a safe or vault is provided in which valuables may be deposited, in the room or rooms occupied by the guests or travelers in a conspicuous position, if any guest or traveler neglects to deliver valuables to the person in charge of the safe, the keeper of the hotel shall not be liable in any sum for any loss of valuables sustained by the guest or traveler by theft or otherwise. If the guest or traveler delivers valuables to the person in charge of the office for deposit in the safe, the keeper shall not be liable for any loss thereof sustained by the guest or traveler, by theft or otherwise, in any sum exceeding $250 unless by special agreement in writing with the keeper or his duly authorized agent.

§ 193-13. Hotelkeeper's liability for personal property. No keeper of any hotel shall be liable in any sum to any guest of, or traveler in, the hotel for the loss of wearing apparel, goods, merchandise or other personal property not mentioned in section 193-12, unless it appears that the loss occurred through the fault or negligence of the keeper. Nor shall any keeper be liable in any event in any sum for the loss of any article or articles of wearing apparel, cane, umbrella, satchel, valise, bag, box, bundle or other chattel belonging to any guest of, or traveler in, any hotel, and not within a room or rooms assigned to him, unless the same is specially intrusted to the care and custody of the keeper or his duly authorized agent, and if so specially intrusted with any such article belonging to the guest or traveler, the keeper shall not be liable for the loss of the same in any sum exceeding $50.

negligence the $50 limitation in § 193-13 is not applicable. The ruling is before this court on an interlocutory appeal taken and allowed from the order of dismissal.

At common law an innkeeper was practically an insurer of the goods of a guest lost in the inn. With exception of a loss occurring by act of God or a public enemy or by the fault or negligence of the guest himself, the innkeeper was liable for the loss of a guest's property, however occurring. To recover, all the guest had to prove was that his property was lost while in the inn. It made no difference that the innkeeper may have used the greatest care to protect the guest's property. The innkeeper's liability was absolute and no defense was available to him other than the mentioned exceptions. No business, with the possible exception of common carriers, was more rigorously governed by common-law than that of innkeepers.

The imposition of strict liability on the innkeeper found its origin in the conditions existing in England in the fourteenth and fifteenth centuries. Inadequate means of travel, the sparsely settled country and the constant exposure to robbers left the traveler with the inn practically his only hope for protection. Innkeepers themselves, and their servants, were often as dishonest as the highwaymen roaming the countryside and were not beyond joining forces with the outlaws to relieve travelers and guests, by connivance or force, of their valuables and goods. Under such conditions it was purely a matter of necessity and policy for the law to require the innkeeper to exert his utmost efforts to protect his guests' property and to assure results by imposing legal liability for loss without regard to fault.

With the underlying causes for the adoption of the rule of strict liability removed by development and modernization of our country, it became increasingly evident that the common law placed an unduly onerous and unfair

burden upon the innkeeper. To rectify the inequity, most States, commencing with New York and Pennsylvania in 1855, have adopted legislation alleviating .the innkeeper's predicament under the common law. 28 Am. Jur., *Innkeepers,* §§ 67, 68, pp. 585-8; 9 A.L.R. 2d 818; 76 Pa. L. Rev. 272; 25 Fordham L. Rev. 62.

Legislation on the subject was adopted in this jurisdiction by S.L.H. 1915, Act 222, entitled "An Act For The Protection of Hotel Keepers, And Limiting Their Liability, And Repealing Sections 2876 And 2877 Of The Revised Laws Of Hawaii, 1915." The repealed sections provided for hotel keepers' liens on guests' baggage. Act 222 substituted other provisions for such liens and, in addition, enacted three new sections comprehensively covering hotel keepers' liability for guests' goods. Two of the sections are now §§ 193-12 and 193-13, quoted *supra.* The third section now appears as R.L.H. 1955, § 193-14, regulating hotel keepers' responsibility for loss by fire or by any other cause or force over which he had no control. These three sections appear to have been adopted, with minor inconsequential changes, from the New Jersey law (Compiled Statutes New Jersey, 1709-1910, vol. 3, §§ 46-48, pp. 3134-5).

Although a number of States have statutory regulations quite similar to § 193-12 governing the innkeeper's liability for the guests' money and valuables, we have found no statute of any other State, with exception of the New Jersey statute, which bears any semblance to § 193-13 covering the innkeeper's liability for the guests' other property. (The only reported case involving the New Jersey statute is *Heinz* v. *Leeds & Lippincott Co.,* 55 F. 2d 829 [3d Cir. 1932]. It is not in point.)

As statutes in derogation of the common law are to be strictly construed, it is universally held that a statute limiting an innkeeper's common-law liability for the loss

of a guest's property must be strictly construed. 28 Am. Jur., *Innkeepers,* § 75, p. 591; 43 C.J.S., *Innkeepers,* § 17, p. 1159. It was basically through application of this principle of construction that the trial judge concluded and appellee now urges that the monetary limitation of liability provided in § 193-13 is available to the hotel keeper only where the guest seeks recovery on the basis of an innkeeper's common-law liability as an insurer and has no application where, as in the instant case, recovery is sought for the value of a guest's goods lost through the negligence of a hotel employee to whom it was specially entrusted.

In support of its contention that the monetary limitation of § 193-13 does not apply in this case because the loss complained of was due to negligence, appellee relies principally upon: *Elcox* v. *Hill,* 98 U.S. 218; *Zurich Fire Ins. Co. of New York* v. *Weil,* 259 S.W. 2d 54 (Ky. 1953); *Goodwin* v. *Georgian Hotel Co.,* 197 Wash. 173, 84 P. 2d 681; *Shifflette* v. *Lilly,* 130 W.Va. 297, 43 S.E. 2d 289; *Hoffman* v. *Louis D. Miller & Co.,* 83 R.I. 284, 115 A. 2d 689; and *Shiman Bros. & Co.* v. *Nebraska Nat. Hotel Co.,* 143 Neb. 404, 9 N.W. 2d 807.

The first three cases cited may be taken as additional authority for the accepted proposition that innkeepers' liability statutes are to be strictly construed but otherwise they furnish little persuasive support to appellee's general proposal that the monetary limitation of an innkeeper's statute should apply only to insurer liability and not to loss by negligence.

The statute construed in *Elcox* v. *Hill* specifically provided that the monetary limitation should not apply when the loss occurred through the negligence of the innkeeper. In *Zurich Fire Ins. Co. of New York* v. *Weil,* the court was compelled to adopt a strained construction to hold the monetary limitation of the Kentucky innkeeper's statute

was inapplicable in a tort action for negligent loss of a guest's goods in the sole custody of the hotel in order to save the constitutionality of the statute in face of a constitutional provision depriving the legislature of power to limit the amount of recovery for injuries to person or property. We are inclined to read *Goodwin* v. *Georgian Hotel Co.* as authority against rather than for appellee's contention. In that case the Washington court said:

"We have not been able to find a case touching the questions whether the limitation of liability applies to losses occasioned by the gross negligence of the hotelkeeper or his employees. Our statute, however, provides that, if the guests deliver property for deposit, the hotelkeeper 'shall not be liable for the loss or destruction thereof, or damage thereto, sustained by such guests * * * exceeding the sum of one thousand dollars, notwithstanding said property may be of greater value, unless by special arrangement in writing with such proprietor,' etc. No distinction is made in the statute between losses caused by gross negligence and those occasioned by less than gross negligence or by any other cause. On the contrary, the statute appears to comprehend, in terms at least, all losses in excess of $1,000.

"Reading the statute in its entirety, and remembering that it was intended to afford a reasonable protection to each of the parties and to impose a division of responsibility between them, we construe its terms to mean that the $1,000 limitation applies to losses caused by the theft of an employee or by the gross negligence of the hotelkeeper or his, or its employees." (p. 687).

Isolated language extracted from the opinions in the remaining three cases gives considerable support to appellee's contention. Generally speaking, in those cases the courts, stressing the historical background of and the

purpose for which innkeepers' liability statutes were designed, have concluded and ruled that such statutes were intended to relieve the innkeeper of his responsibility solely as an insurer and therefore provisions in innkeepers' statutes limiting the amount of recovery for loss of a guest's property must be taken to apply only to the innkeeper's responsibility as an insurer and not to affect the amount of permissible recovery when the loss was caused by the innkeeper's negligence. We are referred particularly to the language in *Shiman Bros. & Co.* v. *Nebraska Nat. Hotel Co.* as follows:

"* * * A statute regulating or limiting the liability of an innkeeper applies only to his common-law liability as an insurer and has no application where the cause of action of the guest is based solely on the negligence of the innkeeper in caring for property entrusted to him. * * * However, even though the innkeeper has complied with the statute and the guest has deposited his property for safe keeping, if the loss is occasioned by the negligence, or wrongful act of the innkeeper or his servants or employees, he is nevertheless liable, since the statutes have not removed the common-law liability in this respect. * * * We conclude therefore that the present suit is predicated on the negligence of the hotel company, its agents and servants, and that the statute modifying the common-law liability of the hotel company as an insurer has no application." (pp. 813-4.)

Appellee also relies on a quotation from *Shifflette* v. *Lilly* as follows:

"Many states have, in one way and another, sought to temper the strict, if not absolute, liability rule of the common law. Generally speaking, where parties have complied with the statute, the limitations upon innkeepers' liability are interpreted to be limitations

upon recovery from an innkeeper under his common law liability as an insurer. There are no such cases in West Virginia, but many from other jurisdictions incline us to believe that such a rule should be adopted in this State. In our judgment, the rule should be that, in case of a loss resulting from the negligence of the innkeeper, there should be recovery for the full value of the property lost to the same extent as if there had been no modification of the common law rule." (p. 294.)

There are a number of decisions which, giving more weight to the relief aspects of innkeepers' statutes, hold that the provisions of particular statutes limiting the amount that can be recovered for loss of a guest's property apply to loss by negligence and are not confined to liability for loss under common-law right of action. *Goodwin* v. *Georgian Hotel Co., supra,* is one. Others cited by appellant are: *Pfennig* v. *Roosevelt Hotel,* 31 So. 2d 31 (La. 1947); *Ricketts* v. *Morehead Co.,* 122 Cal. App. 2d 948, 265 P. 2d 963 (1954); *Ely* v. *Charellen Corporation,* 120 F. 2d 984 (5th Cir. 1941); *Levesque* v. *Columbia Hotel,* 141 Me. 393, 44 A. 2d 728 (1945).

Typifying the authorities relied on by appellant is *Pfennig* v. *Roosevelt Hotel* in which the Louisiana court approves, as a general view of innkeepers' statutes containing provisions limiting the amount recoverable from the innkeeper for loss of the guest's goods, that "* * * the limitation is applicable even where there is negligence except where the statute which provides for the limitation also expressly provides that it shall not apply if negligence is shown." (p. 35.)

Although all of these cases throw some light on the general subject at hand, we obviously cannot rely on generalizations from them to determine the problem before us and we see no necessity for or useful purpose to be served in attempting to reconcile the holdings in the

cases. The statutes, both in the decisions for and those against limitation of liability for negligent loss, for the most part compare with or to an extent resemble § 193-12, the construction of which is not before us. None of the cases was decided on statutory provisions similar to § 193-13. Our ruling in this case, in the absence of precedent construing a comparable statute, must be determined on the particular wording of § 193-13 with whatever guidance we may find from the generally applicable rules of statutory construction.

The rule of strict construction does not require or permit a statute "to be construed so strictly as to defeat the obvious intent of the legislature" (*Johnson* v. *Southern Pacific Co.,* 196 U.S. 1, 18) and even where strict construction is called for, the words of the statute are to be given their ordinary meaning. *Mann* v. *Mau,* 38 Haw. 421, 426; *Kamanu* v. *E. E. Black, Ltd.,* 41 Haw. 442, 459. "Although a rule of strict construction is applied to a statute in derogation of the common law, it should nevertheless be construed sensibly and in harmony with the purpose of the statute, so as to advance and render effective such purpose and the intention of the legislature. The strict construction should not be pushed to the extent of nullifying the beneficial purpose of the statute, or lessening the scope plainly intended to be given thereto." 50 Am. Jur., *Statutes,* § 404, pp. 428-9.

Consistent with the foregoing fundamentals of construction and with full recognition that the rule of strict construction requires that "A statute will not be construed as taking away a common-law right existing at the date of its enactment unless that result is imperatively required" (*Gabriel* v. *Margah,* 37 Haw. 571, 580), it is our view that the language of § 193-13, read as a whole, is too clear and direct to permit any other conclusion but that the legislature intended thereby to substitute a rule

of liability for negligence for the rule of insurer's liability for the loss of the guest's property (other than valuables covered by § 193-12) and to relieve the hotel keeper even from that liability for the loss of wearing apparel and similar articles when they are taken out of the guest's room, with exception only of the special situation where the guest turns the article over to an employee for safekeeping, in which case the liability assumed by the entrusting is no more than $50. Such a construction is consistent with, and in furtherance of, the obvious purpose of the statute to relieve the innkeeper and to require the guest to assume primary responsibility for hand-carried articles within the enumerated class when taken from the guest's room. We think the construction is manifest both in the plain language of § 193-13 read as a whole and in its structure and component parts analyzed.

In order to accept appellee's proposal that the monetary limitation of § 193-13 applies only to a hotel keeper's liability as an insurer, it would be necessary to accept the premise that there still remains a residue of innkeeper's common-law liability as an insurer under § 193-13 to which the limitation would be applicable. We find the premise unsound.

The legislature has placed under § 193-13 all property not included within the classification of articles of small compass and ordinarily of high intrinsic value comprising "valuables" as described in and subject to the provisions of § 193-12. The first sentence of § 193-13 specifies that no hotel keeper shall be liable in any sum for the loss of any property of the guest not falling within the category of valuables as defined in § 193-12 "unless it appears that the loss occurred through the fault or negligence of the keeper." The words "fault" and "negligence" are synonymous (16 Words and Phrases, pp. 282-3) so that by the clear language of this sentence it is evident that the

legislature unequivocally and completely abrogated the hotel keeper's liability as an insurer in so far as all of the guest's property other than "valuables" is concerned, and substituted in its place responsibility solely on the basis of negligence for loss of any such property, which we not too exactly but for convenience refer to as "nonvaluables." If § 193-13 had included only the first sentence, there obviously would be no possible grounds for urging that the hotel keeper still has any liability as an insurer of the guest's "nonvaluables." And we are convinced that there is nothing in the second sentence which affords any basis for contending or holding that the legislature intended by the provisions of that sentence to in any manner or to any extent reimpose insurer's liability which it had so unqualifiedly and wholly abolished by the first sentence. In fact, it seems quite apparent that the intended purpose of the second sentence was to reduce rather than to increase the liability imposed on the hotel keeper by the first sentence of the section.

The first part of the second sentence of § 193-13 reads: "Nor shall any keeper be liable in any event in any sum for the loss of any article or articles of wearing apparel, cane, umbrella, satchel, valise, bag, box, bundle or other chattel belonging to any guest of, or traveler in, any hotel, and not within a room or rooms assigned to him * * *."

It appears to us from this language, as we have already indicated, that all the legislature intended to do, and did, was to create out of the property covered by the first sentence of § 193-13 a special class of property comprised of articles that are easily hand-carried and that are apt to be taken from time to time from the guest's room during his stay at the hotel, and to provide as the general rule applicable in respect thereto that when the guest takes or removes any of such articles from his room, he assumes the full risk of any loss, however occurring, and thus cor-

respondingly relieves the hotel keeper from the responsibility that otherwise would be imposed upon him by the first sentence of the section. Obviously, nothing in the quoted language providing this general rule can be taken to indicate any intention on the part of the legislature to regenerate or to recognize the existence of any common-law liability on the part of the hotel keeper. To this general provision relieving the hotel keeper from liability for loss of any of the enumerated articles when taken from the guest's room, the legislature has provided an exception by the language "unless the same is specially intrusted to the care and custody of the keeper or his duly authorized agent * * *." This provision simply states the one condition under which the hotel keeper's otherwise available exemption from liability for wearing apparel or similar articles removed from the guest's room shall not apply. Clearly, the language of the exception likewise provides no basis for contending that the legislature recognized the existence of, or intended to impose upon the hotel keeper any common-law liability as an insurer or any liability other than that predicated on negligence as provided in the first sentence of § 193-13. It accordingly appears, we think, from the foregoing analysis that a proper construction of § 193-13 precludes recognition of the existence of any common-law liability on the part of the hotel keeper as an insurer for the loss of any of the goods of a guest covered by § 193-13, including those specially entrusted to the care of an employee. There is no support, therefore, for the premise necessary to appellee's contention that the monetary limitation of the section applies only to a loss where recovery is sought on the basis of the hotel keeper's common-law liability as an insurer of the guest's goods.

We conclude that under § 193-13 a hotel keeper is liable to a guest for the loss of wearing apparel specially entrusted to an employee only in the event such loss oc-

curred through the negligence of the employee and that
the liability of the hotel keeper for any such loss may not
exceed $50. The monetary limitations of § 193-13 and
§ 193-12 were fixed under conditions existing forty-five
years ago and it is readily apparent they are not very
realistic when viewed in the light of present-day values.
However, this feature is purely a matter of legislative con-
cern and cannot affect the construction of and our deci-
sion under the applicable statute.

Reversed and remanded.

*Harold S. Wright* (*Smith, Wild, Beebe & Cades* with
him on the brief) for appellant.

*Leonard Lakin* and *William B. Cobb* (*Levinson & Cobb*
on the briefs) for appellee.