

FILED

Oct 12 2016, 8:53 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

Mark K. Phillips
Boonville, Indiana

ATTORNEYS FOR APPELLEE

Terry G. Farmer
Daniel R. Robinson, Jr.
Bamberger Foreman Oswald &
Hahn, LLP
Evansville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Brenda K. (Layman) Smith and
John C. Smith,

*Appellants-Plaintiffs,*

v.

Dunn Hospitality Group
Manager, Inc. d/b/a Comfort
Inn,

*Appellee-Defendant.*

October 12, 2016

Court of Appeals Case No.
82A05-1509-CT-1635

Appeal from the Vanderburgh
Circuit Court

The Honorable David D. Kiely,
Judge

Trial Court Cause No.
82C01-1309-CT-444

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellants-Plaintiffs, Brenda K. (Brenda) and John C. Smith (collectively, Smiths), appeal the trial court's summary judgment in favor of Appellees-Defendants, Dunn Hospitality Group Manager, Inc. d/b/a Comfort Inn (Comfort Inn) on the Smiths' allegations of negligence pursuant to the Innkeeper Statute.

We affirm.

## ISSUE

The Smiths raise two issues on appeal, which we consolidate and restate as: Whether the Comfort Inn was negligent as a matter of law pursuant to the Innkeeper Statute, Ind. Code Ch. 32-33-7.

## FACTS AND PROCEDURAL HISTORY

On August 7, 2012, the Smiths became guests at the Comfort Inn, located in Evansville, Indiana, following a fire in their residence. They brought certain personal property with them that had survived the fire, including an insurance draft, a coin collection, and sports memorabilia. On August 8, 2012, the Smiths delivered the insurance draft to the management of the Comfort Inn for storage in the safety deposit box. On August 18, 2012, the Smiths were arrested and taken into custody for approximately two weeks before making bail. While the Smiths were in custody, their room rental was paid and their occupancy was not terminated.

[5] During the Smiths' incarceration, employees of the Comfort Inn allowed Daniel Crawley (Crawley) access to the Smiths' room. The Smiths had not given any permission to the Comfort Inn to let Crawley enter their room. After gaining access to the room, Crawley took all of the Smiths' personal possessions. Subsequent to allowing Crawley to access the Smiths' room, the Comfort Inn handed the contents of the safety deposit box to Luke Warren (Warren). Warren was not authorized by the Smiths to receive these contents, which included the insurance draft. The Smiths later recovered the insurance draft from Warren.

[6] On September 9, 2013, the Smiths filed a Complaint alleging negligence by the Comfort Inn for allowing Crawley to access their room and remove their personal belongings. On January 14, 2015, the Comfort Inn filed its motion for summary judgment, alleging that there was no genuine issue of material fact that its "maximum liability, if any, to the [Smiths] [is] capped at one hundred dollars," pursuant to I.C. Ch. 32-22-7. In their response in opposition to the Comfort Inn's motion, the Smiths claimed that the statute was not applicable as the Comfort Inn's act was a criminal act and it had failed to protect the Smiths from the intentional tort of the third party. On March 31, 2015, the Comfort Inn filed a motion to strike the affidavits of Brenda and Robert Phillips, which was subsequently granted by the trial court.

[7] On August 25, 2015, the trial court conducted a hearing on the Comfort Inn's motion for summary judgment. On September 2, 2015, the trial court issued its

"Findings of Fact, Conclusions of Law, and Summary Judgment Entry," concluding, in pertinent part:

> The [Comfort Inn] has no liability to [the Smiths] or any other party for any money, jewels, ornaments, furs, bank notes, bonds, negotiable security, or other valuable papers, precious stones, railroad tickets, articles of silver or gold, or other valuable property of small compass belonging to or brought in by [the Smiths] since [the Smiths] failed to deliver any such property to the person in charge of the office for deposit in a safe. I.C. [§] 32-33-7-2.

> Any liability of the [Comfort Inn] for loss or damage to any personal property brought into the hotel by [the Smiths] shall not exceed two hundred dollars ($200). I.C. [§] 32-33-7-[3].

(Appellant's App. pp. 12, 13).

[8] The Smiths now appeal. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. *Standard of Review*

[9] Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. Ind. Trial Rule 56(C). "A fact is material if its resolution would affect the outcome of the case, and an issue is genuine if a trier of fact is required to resolve the parties' differing accounts of the truth . . . , or if the undisputed facts support conflicting reasonable inferences." *Williams v. Tharp*, 914 N.E.2d 756, 761 (Ind. 2009).

[10] In reviewing a trial court's ruling on summary judgment, this court stands in the shoes of the trial court, applying the same standards in deciding whether to affirm or reverse summary judgment. *First Farmers Bank & Trust Co. v. Whorley*, 891 N.E.2d 604, 607 (Ind. Ct. App. 2008), *trans. denied*. Thus, on appeal, we must determine whether there is a genuine issue of material fact and whether the trial court has correctly applied the law. *Id*. at 607-08. In doing so, we consider all of the designated evidence in the light most favorable to the non-moving party. *Id*. at 608. The party appealing the grant of summary judgment has the burden of persuading this court that the trial court's ruling was improper. *Id*. When the defendant is the moving party, the defendant must show that the undisputed facts negate at least one element of the plaintiff's cause of action or that the defendant has a factually unchallenged affirmative defense that bars the plaintiff's claim. *Id*. Accordingly, the grant of summary judgment must be reversed if the record discloses an incorrect application of the law to the facts. *Id*.

[11] We observe that in the present case, the trial court entered findings of fact and conclusions of law in support of its judgment. Special findings are not required in summary judgment proceedings and are not binding on appeal. *AutoXchange.com. Inc. v. Dreyer and Reinbold, Inc.*, 816 N.E.2d 40, 48 (Ind. Ct. App. 2004). However, such findings offer this court valuable insight into the trial court's rationale and facilitate appellate review. *Id*.

## II. *Innkeeper's Statute*

[12] The common law rule imposed a strict rule of liability upon an innkeeper and was founded upon the public policy of an earlier day. This imposition of strict liability found its origin in the conditions existing in England in the fourteenth and fifteenth centuries. *Minneapolis Fire & Marine Ins. Co. v. Matson Navigation Co.*, 352 P.2d 335, 337 (HI 1960). Inadequate means of travel, the sparsely settled country, and the constant exposure to robbers left the traveler with the inn practically his only hope for protection. *Id.* Innkeepers themselves, and their servants, were often as dishonest as the highwaymen roaming the countryside and were not beyond joining forces with the outlaws to relieve travelers and guests, by connivance or force, of their valuables and goods. *Id.* Under such conditions, it was purely a matter of necessity and policy for the law to require the innkeeper to exert his utmost efforts to protect his guests' property and to assure results by imposing legal liability for loss without regard to fault. *Id.*

[13] And so, at common law, the innkeeper was practically an insurer of property brought by a guest to his inn and he was relieved of liability for the loss of such property only where the loss occurred through an act of God, through an act of a public enemy, or through the fault of the guest himself. 37 A.L.R. 1276, 1279-80 (1971); *Plant v. Howard Johnson's Motor Lodge*, 500 N.E.2d 1271, 1272 (Ind. Ct. App. 1986), *trans. denied*. This innkeeper's liability extended only to property that was "*infra hospitium*," that is, property that was within the inn. *Plant*, 500 N.E.2d at 1272. However, it was widely recognized that property could be *infra hospitium* although it was not in the building used for the

accommodation of the guests. *Id.* at 1272-73. Since the passing of years has erased much of the need for such absolute liability, the modern innkeeper is often permitted by statute to lessen his responsibility to certain limits. *Id.*

[14] In Indiana, the legislature addressed an innkeeper's liability for the property of its guests in the Indiana Code Chapter 32-33-7, also commonly referred to as the Innkeeper's Statute. This statute divides the liability that may be incurred by an innkeeper into four different levels. The first level of liability involves "money, jewels, ornaments, furs, bank notes, bonds, negotiable security, or other valuable papers, precious stones, railroad tickets, articles of silver or gold, or other valuable property of small compass belonging to or brought in by the guests of the hotel." I.C. § 32-33-7-2. If the hotel provides a safe and convenient place for the storage of these items, and the guest fails or neglects to deliver the property for placement in the safe, then the innkeeper incurs no liability. I.C. § 32-33-7-2(3). However, if the items had been stored, then the innkeeper is not liable for the loss or damage in any amount exceeding $600, "whether the loss or damage is occasioned by the negligence of the [innkeeper] or otherwise." I.C. § 32-33-7-2(b).

[15] The second level of liability relates to "the loss or damage to personal property, other than merchandise samples or merchandise for sale," brought onto the premises by guests. I.C. § 32-33-7-3. Here, the liability of the innkeeper is capped at $200, regardless whether the loss or damage is occasioned by the negligence of the innkeeper, "unless the manager or proprietor has contracted in writing to assume greater liability." I.C. § 32-33-7-3.

[16] The third level of liability is capped at $300 and involves the loss of or damage to any merchandise samples or merchandise for sale, whether the loss or damage is occasioned by the negligence of the proprietor or manager or otherwise, unless the parties agreed upon a higher value in writing. I.C. § 32-33-7-4. The fourth and final level pertains to liability for the loss or damage to any property left by a guest after the guest has departed from the premises. I.C. § 32-33-7-5. Here, the innkeeper's liability is that of a "gratuitous bailee" and may not exceed $100. I.C. § 32-33-7-5.

[17] Because the Smiths recovered the insurance draft from Warren, the only provision applicable is I.C. § 32-33-7-3, relating to personal property, which caps the innkeeper's liability at $200. It is well settled that rules of statutory construction require us to construe strictly those statutes which are in derogation of common law. *Mooney v. Anonymous M.D. 4*, 991 N.E.2d 565, 580 (Ind. Ct. App. 2013), *trans. denied*. Moreover, when the legislature enacts a statute in derogation of common law, we presume that the legislature is aware of the common law, and does not intend to make any changes beyond what is declared in express terms or by unmistakable implication. *Id*.

[18] The Smiths contend that the relevant provisions of the Innkeeper Statute are not applicable because "[t]he Comfort Inn's agents facilitated the theft of the Smiths' property." (Appellants' Br. p. 11). To support their argument, the Smiths rely on a negligence theory to state that "[t]he fact that the Smiths' personal property was removed from their room and disposed of without their consent or financial benefit clearly establishes injury proximately caused by the

Comfort Inn's act in allowing an unauthorized third party access to the Smiths' room." (Appellants' Br. p. 13). Nevertheless, besides the assertion in the Complaint that the Comfort Inn allowed Crawley to enter their room, the designated evidence is void of any indication that the Comfort Inn or its agents conspired with Crawley to commit a theft of the Smiths' property. In fact, by specifically relying on a negligence theory in an attempt to establish an intentional tort or criminal activity on the part of the Comfort Inn, the Smiths place their situation squarely within the statutory provision of I.C. § 32-33-7-3. Therefore, we agree with the trial court that no genuine issue of material fact exists that would prevent entering summary judgment in favor of the Comfort Inn.

## CONCLUSION

Based on the foregoing, we affirm the trial court's summary judgment in favor of the Comfort Inn.

Affirmed.

Barnes, J. concurs

Bailey, J. concurs in result