## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 23 2017, 7:01 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Scott T. McClelland
Butcher, Ball, Lowry, McMahan &
McClelland
Kokomo, Indiana

ATTORNEYS FOR APPELLEES

Chad L. Rayle
Thompson Smith
Smith, Smith & Rayle, P.C.
Auburn, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Keith Krzeminski, <br> *Appellant-Defendant,* <br><br> v. <br><br> James Carr and Renee Carr, <br> *Appellees-Plaintiffs.* | January 23, 2017 <br><br> Court of Appeals Case No. <br> 76A03-1603-MI-716 <br><br> Appeal from the Steuben Superior Court <br><br> The Honorable William C. Fee, Judge <br><br> Trial Court Cause No. <br> 76D01-1411-MI-383 |

**Robb, Judge.**

# Case Summary and Issue

[1] James and Renee Carr owned property on part of which they operated a campground. In 2014, they sold the property in two parcels at public auction. Keith Krzeminski made the highest bid for the larger parcel that included the campground. Closing was to occur on or before June 27, 2014. Closing did not take place by that date, and the Carrs sued Krzeminski for breach of contract. The trial court entered summary judgment for the Carrs in the amount of $75,000. Krzeminski now appeals, raising one issue for our review: whether the trial court erred in granting summary judgment to the Carrs because genuine issues of material fact remain. Concluding there is a genuine issue of material fact to be resolved at trial, we reverse and remand.

# Facts and Procedural History

[2] In 1998, the Carrs purchased approximately 100 acres of land in Steuben County, Indiana, and operated a campground on part of the land thereafter. In early 2014, they decided to sell the campground via public auction and offered the property as an on-going business with the buyer to receive prorated rental income from the 2014 season. The auction company offered alternatives for the bidders in an effort to maximize the amount of money the Carrs would receive from the sale: the property was offered as a whole, or as two separate tracts with Tract 1 being approximately fifty-nine acres including the campground, and Tract 2 being approximately forty-four acres of wooded ground. At the auction on May 29, 2014, the bids on Tracts 1 and 2 separately totaled more

than the bids on the property as a whole, so the Carrs accepted the two separate bids. Krzeminski was the top bidder for Tract 1, offering $325,000. Doug Hawkins was the top bidder for Tract 2, bidding $80,000. Krzeminski and Hawkins each deposited ten percent of their purchase price as earnest money with Lakeview Title, LLC. This sales arrangement required an easement across Tract 1 for the benefit of Tract 2 to be settled upon prior to closing.

[3] The Purchase Agreement between the Carrs and Krzeminski specified that closing would occur on or before June 27, 2014. That date came and went without closing on the transaction, however. At some point thereafter, both Krzeminski and Hawkins backed out of the transaction. Lakeview Title returned Hawkins' earnest money to him, but retained Krzeminski's. In early 2015, the Carrs sold both tracts for $330,000 to Liberty Land Holdings, LLC.

[4] In late 2014, Lakeview Title filed a complaint for interpleader against the Carrs, Krzeminski, and several other entities, seeking a determination regarding the disposition of Krzeminski's earnest money. Lakeview Title also deposited the earnest money with the clerk's office. On December 11, 2014, the Carrs filed a cross-claim against Krzeminski, alleging breach of contract. By the time Krzeminski filed a motion for summary judgment in September 2015, and the Carrs filed their own motion for summary judgment in October 2015, all other parties had been dismissed from the litigation. The trial court ultimately granted summary judgment to the Carrs, issuing a lengthy order that was taken verbatim from the Carrs' motion for summary judgment and cites only to the Carrs' designated evidence. *Compare* Appellant's Appendix 10-19 (trial court's

summary judgment order) *with* Appellees' Appendix at 5-12 (the Carrs' motion for summary judgment).[1] The order concludes:

> It is clear that there are no genuine issues of material fact, and that Mr. and Mrs. Carr are entitled to judgment as a matter of law.
>
> * * *
>
> . . . For whatever reason, Mr. Krzeminski decided that he no longer wanted to purchase the campground when his attorney sent a letter to Lakeview Title on August 28, 2014, indicating that Mr. Krzeminski had "decided to terminate" the Purchase Agreement. He can do this but he cannot do this without consequence. The law requires what is also fair and just and that is that Mr. Krzeminski forfeit his earnest money and make Mr. and Mrs. Carr whole again by paying them the difference in what they had from Mr. Krzeminski and Mr. Hawkins versus what they were able to get from Liberty Land Holdings, LLC. That difference is $75,000 and should be paid by the $32,500 earnest money being set over to Mr. and Mrs. Carr and a judgment in favor of Mr. and Mrs. Carr and against [Mr.] Krzeminski in the amount of $42,500.

---

[1] Krzeminski does not raise the issue, but we must note that although it is not error for the trial court to adopt one parties' proposed order verbatim, this practice is not encouraged and weakens our confidence that the findings are the result of the considered judgment of the trial court. *Chubb Custom Ins. Co. v. Standard Fusee Corp.*, 2 N.E.3d 752, 758 n.2 (Ind. Ct. App. 2014). As noted below, however, findings are neither required nor binding in a summary judgment order and we have considered the trial court's order accordingly.

Appellant's App. at 16-19 (citation omitted). The court clerk was ordered to release the earnest money to the Carrs' attorney in partial satisfaction of the judgment. Krzeminski now appeals the entry of summary judgment.

# Discussion and Decision

## I. Standard of Review

"Summary judgment is a desirable tool to allow the trial court to dispose of cases *where only legal issues exist*." *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014) (emphasis added) (quotation omitted). On review of a motion for summary judgment, our standard is the same as that of the trial court: relying only on the evidence designated by the parties and construing all facts and reasonable inferences in favor of the non-moving party, we will affirm the grant of summary judgment only "if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Ind. Trial Rule 56(C); *City of Beech Grove v. Beloat*, 50 N.E.3d 135, 137 (Ind. 2016). "A fact is 'material' if its resolution would affect the outcome of the case, and an issue is 'genuine' if a trier of fact is required to resolve the parties' differing accounts of the truth . . . or if the undisputed material facts support conflicting reasonable inferences." *Celebration Worship Ctr., Inc. v. Tucker*, 35 N.E.3d 251, 253 (Ind. 2015) (citation omitted).

The party moving for summary judgment has the initial burden to show the absence of any genuine issue of material fact as to a determinative issue.

*Hughley*, 15 N.E.3d at 1003. If the movant does so, the burden shifts to the non-moving party to come forward with contrary evidence showing an issue to be determined by the trier of fact. *Id.* Summary judgment may be precluded by as little as a non-movant's designation of a self-serving affidavit. *Id.* However, summary judgment may not be defeated by an affidavit which creates only an issue of law – the non-movant must establish that material *facts* are in dispute. *AM Gen. LLC v. Armour*, 46 N.E.3d 436, 441-42 (Ind. 2015). On appeal from the grant of summary judgment, the non-moving party has the burden of persuading us that the trial court's ruling was erroneous, but we carefully assess the trial court's decision because Indiana's onerous and distinctive summary judgment burden is aimed at protecting a party's day in court. *Hughley*, 15 N.E.3d at 1003.

We make two final observations about the standard of review: first, the fact that both parties filed a motion for summary judgment does not alter our standard of review. *Fishburn v. Ind. Pub. Ret. Sys.*, 2 N.E.3d 814, 822 (Ind. Ct. App. 2014), *trans denied*. And second, although findings may in some cases offer valuable insight into the trial court's rationale, they are not required in summary judgment proceedings and are not binding on appeal. *Smith v. Dunn Hosp. Grp. Manager, Inc.*, 61 N.E.3d 1271, 1273 (Ind. Ct. App. 2016).

## II. Summary Judgment

Krzeminski argues the trial court erred in granting summary judgment to the Carrs on their breach of contract claim. The essential elements of a breach of

contract claim are the existence of a contract, the defendant's breach of the contract, and damages. *Murat Temple Ass'n, Inc. v. Live Nation Worldwide, Inc.*, 953 N.E.2d 1125, 1128-29 (Ind. Ct. App. 2011), *trans. denied*. It is undisputed the parties signed a purchase agreement for the sale of Tract 1 and that agreement required closing on the sale by June 27, 2014. The purchase agreement also required the Carrs to execute and deliver a warranty deed conveying marketable title to the premises at the closing. Outstanding issues regarding an easement for the benefit of Tract 2 and the proration of rent from the campground were also left to be resolved after the auction. It is also undisputed the transaction did not close by the date stated in the purchase agreement.

[9] The Carrs contend there is no genuine issue of material fact as to Krzeminski's breach of the contract, because "[a]t all times relevant after the sale of real estate . . ., [they] were ready, willing and able to close as agreed[,]" but Krzeminski failed and refused to close "without reason or justification." Appellant's App. at 22. Krzeminski, on the other hand, designated his own affidavit in which he avers:

> 7. That at the time of the auction, there was no listed or legally described easement for Tract 2 over Tract 1.
>
> * * *
>
> 15. That the Carrs did not have a warranty deed ready for the real estate in Tract 1 and were not ready for closing on or before June 27, 2014.

\* \* \*

17. That by June 27, 2014, the Carrs did not have a final legal description with proposed easement ready for the Closing.

\* \* \*

22. That the Carrs did not provide me with proposed easement language until the Closing date had passed.

23. I decided not to close due to the breach of the Real Estate Purchase and Sale Agreement. The Carrs breached the agreement by not being ready to close on or before June 27, 2014, deadline for closing.

*Id.* at 35-36. He also designated a second affidavit in which he elaborated:

7. That at no time before the date of June 27, 2015, was a properly worded set of closing documents with a proper easement language given to me or provided to my attorney. . . .

\* \* \*

9. That the fact that the Carrs and/or Doug Hawkins included language involving utilities in the easement [provided after the closing date had passed] changed the nature and extent and scope of the easement for me. . . .

10. In addition to the easement language being different than originally stated at the auction, the Carrs began to change the amount of money from the rents and lease money coming in from the campground for my share of the pro-rated amounts. . . .

&ast; &ast; &ast;

14. That the amount of rents from the campground that the Carrs were to pay me was material to this transaction.

*Id.* at 39-41.

[10] For the Carrs to prevail on summary judgment, there must be no genuine issue of material fact with respect to any elements of their claim. As for Krzeminski's alleged breach of the contract, the Carrs' materials may have made a prima facie showing that Krzeminski breached the contract by failing to close on the transaction on June 27, 2014. However, Krzeminski's designated evidence, viewed in the light most favorable to him as non-movant, raises a genuine issue of material fact as to whether the Carrs first breached the contract. In general, "[a] party first guilty of a material breach of contract may not maintain an action against the other party or seek to enforce the contract against the other party should that party subsequently breach the contract." *Williamson v. U.S. Bank Nat'l Ass'n*, 55 N.E.3d 906, 914 (Ind. Ct. App. 2016) (quotation omitted), *trans. denied.* Whether Krzeminski breached the contract without justification or whether the Carrs first breached the contract and gave him a valid reason to back out of the transaction is a question of material fact to be decided at trial.

[11] "[C]ases hinging on disputed material facts are by definition inappropriate for summary judgment, because weighing evidence is a matter for trial . . . ." *Siner v. Kindred Hosp. Ltd. P'ship*, 51 N.E.3d 1184, 1188 (Ind. 2016) (quotation omitted). In entering summary judgment for the Carrs, however, it appears the

trial court weighed and accepted the Carrs' version of events over Krzeminski's competing version. Entry of judgment for the Carrs was therefore inappropriate at this stage of the proceedings.

# Conclusion

[12] Because Krzeminski's designated evidence raised a genuine issue of material fact with respect to the Carrs' claim that should be determined at trial, the trial court erred in granting summary judgment to the Carrs. We therefore reverse and remand for further proceedings.

[13] Reversed and remanded.

Kirsch, J., and Barnes, J., concur.